## NORWOOD v. NORWOOD.

1. PLEAS BETWEEN CO-DEFENDANTS.—A defendant is not deprived of his rights as purchaser for valuable consideration without notice as against a co defendant, by failing to plead it specially in his answer.

2. PLEADINGS—DUAL CHARACTER.—Whenever a party appears in a cause in two characters, as *e. g.*, individually and as a partner, he should appear only as plaintiff or as defendant, declaring his several rights in the subject matter of the action.

3. RECORDING ACTS—SECRET LIENS.—After a recorded mortgage to secure advances for the current year had been satisfied in fact, an agreement to continue such mortgage for advances of the next succeeding year was made between the parties, but this agreement was never recorded. After some advances had been made thereunder, the mortgagor made another mortgage to a third party, who had no knowledge of the prior mortgage to secure an antecedent debt, reciting that no prior mortgage existed, and this latter mortgage was duly recorded. *Held,* that under the registry laws of this State this recorded mortgage had priority over the secret lien of the unrecorded agreement.

4. IBID.—ADVANCES.—The record of the later mortgage was notice to the prior mortgagees from its date, and advances by them after that date were made at their peril. The mortgagor, by the execution of the second mortgage, deprived himself of the right to demand further advances under the prior agreement.

5. FINDINGS OF FACT by the Circuit Judge, supported by testimony, sustained.

Before HUDSON, J., Marlboro, September, 1890.

This was an action by George A. Norwood, who was the assignee of Elizabeth S. Munnerlyn, against George A. Norwood & Co., E. H. Frost & Co., and others. To the statement of facts as made in the opinion, it may be added that the original bond of Rogers to Norwood & Co. was in the penal sum of $2,000, conditioned "for the payment of one thousand dollars, or so much thereof as may be advanced by the said G. A. Norwood & Co. to the said Charles N. Rogers, in cash or draft or otherwise the present year—each item of advances to draw interest from the date of advancement, at ten per cent. per annum, payable annually till fully paid, and shall pay for all amounts advanced as aforesaid, with interest named, on or before the first day of Jan-

uary next, and shall during the present year ship and consign to the said George A. Norwood & Co., in the city of Charleston, seventy five merchantable bales of cotton, to be sold by them on the usual factor's commissions. and pay said Geo. A. Norwood & Co. one and 25–100 dollars for each and every bale short of said number."

Upon this bond was endorsed the following agreement, signed and sealed by the obligors on January 13, 1885 : "I hereby agree that this bond shall be continued another year, and on same conditions and terms as above stated for the present year, and be secured by the same mortgage in all its conditions, it being understood that the same is collateral security for an account made and to be made during the year A. D. 1885."

The Circuit decree was as follows :

This case was heard before me this day, the plaintiff being represented by Messrs. Dudley & Newton, and the defendants, E. H. Frost & Co., by R. T. Caston. The only issue before me is the priority of the liens of the mortgages of G. A. Norwood & Co. and E. H. Frost & Co., set up in the pleadings in this case, the amount due by the defendant, C. N. Rogers, being admitted by all parties to be as stated in the pleadings.

On the 23rd day of February, 1884, the defendant, C. N. Rogers, executed and delivered to G. A. Norwood & Co., his bond, conditioned for the payment of one thousand dollars, or so much thereof as might be advanced to him by the said G. A. Norwood & Co. *during the year* 1884. and to secure the same, he and his father, N. S. Rogers, executed their mortgage upon the lands described in their answer to the said G. A. Norwood & Co. Advances were made during the year to the amount of twenty-three hundred and sixty dollars, and the said Rogers made shipments of cotton during the fall and winter to them to the amount of twenty-seven hundred and twenty dollars, and upon the 13th of January, 1885, the said Rogers and G. A. Norwood & Co. had a settlement, when a balance of three or four hundred dollars was found to be due the said Rogers, of which the said Norwood & Co., at the request of said Rogers, paid to E. H. Frost & Co. two hundred and forty seven dollars on account. On this day, by an endorsement upon the bond above mentioned, the said Rogers

and G. A. Norwood & Co. made a secret and private agreement, by which the said bond and mortgage should be continued as security for advances to be made during the year 1885, the said Norwood & Co. being indebted to said Rogers at the time. This endorsement was never entered upon the mortgage nor recorded.

On February the 23rd, 1885, the said Rogers executed and delivered to the defendants. E. H. Frost & Co. his bond, conditioned for the payment of a subsisting debt of three thousand dollars, on January 1st, 1886, with interest at 9 per cent. per annum, and to secure the same executed a mortgage to the said Frost & Co. upon the lands described in their answer. This mortgage was duly recorded[1] and recited "that there was no lien or encumbrance upon the said land, except a mortgage to Munnerlyn," now owned by plaintiff.

The agreement endorsed upon the bond of Norwood & Co. by the said Rogers was equivalent to the execution and delivery of a new bond and mortgage by him to them, and he is bound thereby; but the defendants, E. H. Frost & Co., are in no way affected by a secret agreement which was not recorded, and of which they had no notice.

When a mortgage is given to secure future advances for a specified amount to be made within a certain time, after said time has expired, and the advances made thereunder fully paid for, the mortgagor and the mortgagee cannot by a secret agreement give new life to the mortgage so as to affect the right of a party holding a junior mortgage as security for an existing debt, and the bond and mortgage thus taken by E. H. Frost & Co. will be entitled to priority over the renewed bond and mortgage of Norwood & Co. *National Bank of Chester* v. *Gunhouse & Co.*, 17 S. C., 494. See, also, 18 S. C., 173; 7 Rich. Eq., 283; 9 Rich. Eq., 405; Jones on Mortgages, secs. 373 to 379.

It appearing to the court that all the mortgagees mentioned in the complaint have entered into an agreement with the defendants, C. N. Rogers, Mary T. Rogers, and also Ida E. Rogers, whereby the liens of all the mortgages set forth in the complaint are released from that portion of the said lands known as the Fladger or Burton tract, containing one hundred and fifty acres,

---

[1] On March 27, 1885.—REPORTER.

more or less, now in the possession of the said Ida E. Rogers, the same being situate on east side of the road leading from Hodges Fork to Mars Bluff; and, further, that said mortgagees have released the said C. N. Rogers from the payment of any balance due them after exhausting the remainder of the mortgaged premises, namely, sixteen hundred acres of land known as the Mandeville tract, upon the performance of certain conditions, which have been performed;

It is therefore adjudged and decreed: 1. That the mortgagees are entitled to order of foreclosure and sale of so much of premises described in the complaint, as is not released from lien of said mortgages by the aforesaid agreement. 2. That the agreement aforesaid be, and the same is hereby, confirmed and made the judgment of this court. 3. That upon the sale of said mortgage premises the proceeds be distributed as follows: *First.* To the payment of the mortgage of the plaintiff, G. A. Norwood, assignee. *Second.* To the payment of the mortgage of the defendants, E. H. Frost & Co. *Third.* To the payment of the mortgage debt of the defendants, G. A. Norwood & Co.

It is ordered further, that the defendants, G. A. Norwood & Co. do pay to the defendants, E. H. Frost & Co., the costs incurred in litigating their respective rights in the cause. Let the judgment of foreclosure and sale be prepared in accordance with this decretal order.

G. A. Norwood & Co. appealed on the grounds stated in the opinion.

*Mr. H. H. Newton*, for appellant.

The attention of the court is invited specially to the following points and facts shown by the agreed case: (1) The findings of Judge Hudson in his decree: (a) That the amount due on the mortgage of G. A. Norwood & Co. is that stated in the pleadings, to wit, $1,997.47, on the 9th February, 1889. (b) That the agreement to renew the bond and mortgage endorsed upon the bond to G. A. Norwood & Co., on the 13th January, 1885, "*was equivalent to the execution and delivery of a new bond and mortgage by him to them, and he is bound thereby.*" (c) That the

mortgage to E. H. Frost & Co. was given to secure "*a subsisting debt.*"

From these findings there is no appeal, save that one ground of appeal seeks to modify finding (*b*) above by contending that the finding should have been in favor of a revivor of the mortgage of Norwood & Co. These findings, with the exception named, are therefore established in the consideration of the case by this court, and cannot be again stirred. See 18 S. C., 602; 22 S. C., 93.

There is *no plea* or *defence* of purchaser for valuable consideration without notice, set up by the answer of E. H. Frost & Co., the respondents. No mention is made of it anywhere in the case. The opportunity was given them thus to plead by setting out in the complaint the agreement of January the 13th, 1885, renewing the mortgage of the appellants.

The respondents cannot claim, as found by the Circuit Judge, that the renewal of the mortgage of the appellants on 13th January, 1885, could not affect their (respondents') mortgage, dated 23rd February thereafter, unless they can so claim as purchasers for valuable consideration without notice.

The defence of purchaser for valuable consideration without notice in order to be available must be pleaded. 2 Pom. Eq. Jur., § 784, and note 5, and § 785.

The respondents have not paid a valuable consideration. The bond and mortgage given by C. N. Rogers to the respondents was to secure an account made for guano in 1883. 6 S. C., 165; 5 *Id.*, 97, 101; 2 Pom. Eq. Jur., §§ 748–751.

The respondents had sufficient notice to put them on the inquiry. 7 Rich. Eq., 54; 14 S. C., 321.

But the finding of the Circuit Judge that appellant's mortgage debt was satisfied on the 13th January, 1885, it is respectfully submitted, is erroneous.

[Here counsel made a statement of the accounts between the parties.]

If there was a balance due on the mortgage debt, or on the account which it collaterally secured, the bond could be renewed and the original mortgage remain unimpaired. Jones on Mort., § 355; 1 Strob. Eq., 257; 2 Rich., 427; Cheves Eq., 1.

Is not the question of the application of payments involved? Could not Norwood & Co. hold the payments to the credit of C. N. Rogers without affecting the security? And is not the agreement of Rogers endorsed on the bond the 13th January, 1885, an admission that the security had not been satisfied? Was not the mortgage a *continuing* guaranty as was the guaranty in *Frost & Co.* v. *Weathersbee*, 23 S. C., 354? The creditors, Norwood & Co., could make the application of the payments as they thought best in the absence of instructions. *Thatcher & Co.* v. *Massey*, 20 S. C., 549.

A casting of the accounts between Norwood & Co. and C. N. Rogers as of the 23 February, 1885, the date of the mortgage to E. H. Frost & Co., will show that on that day C. N. Rogers was indebted to G. A. Norwood & Co. in the sum of $686.21.

The mortgage of Norwood & Co. being of force, whether renewed or otherwise, on the 23rd day of February, 1885, when the mortgage of Frost & Co. was executed, the latter did not interfere with its terms and the obligation of Norwood & Co. to furnish supplies under it as they had agreed to do. The case of *Bank* v. *Gunhouse*, 17 S. C., 494, cannot apply to the case at bar, for the reason that Norwood & Co. *had no notice* of the mortgage of Frost & Co., and for the equally strong reason that the mortgage debt of Frost & Co. was *not for a present consideration*, as hereinbefore shown. An examination of the case from the first line to the last, will reveal no suggestion even that Norwood & Co. had any notice of the mortgage of E. H. Frost & Co. The notice of the junior mortgage required to be given to the senior mortgagee is *actual* notice, as recording is notice only to *subsequent* purchasers or creditors by the registry acts. Indeed, Chief Justice Marshall says, in *Shirras* v. *Caig*, 7 Cranch, 51, that *actual* notice is required. See, also, 2 Pom. Eq. Jur., §§ 1198, 1199.

An agreement to keep alive a mortgage is valid. It is called by Mr. Jones a "revivor of mortgage." Jones Mort., § 944. There were no intervening rights of creditors when the agreement of January 13th, 1885, was endorsed on the original bond. The mortgage was *revived* and the record thereof continued as

constructive notice to those who might *afterwards* deal with the mortgaged property.

*Mr. R. T. Caston*, contra.

May 2, 1892.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The issues in the action originally begun on the 17 January, 1890, in the Court of Common Pleas for Marlboro County, have been reduced to a contention between the two defendants, George A. Norwood & Co. on the one side, and E. H. Frost & Co. on the other side, as to the priority of mortgages held by them respectively.  Judge Hudson, who heard the cause on the Circuit, decided that E. H. Frost & Co. had prior lien and decreed accordingly.  From that decree the defendants, George A. Norwood & Co. appeal to this court on fourteen grounds of appeal, as follows :

1.  Because his honor, the presiding judge, erred in holding that the mortgage of defendants, E. H. Frost & Co., is entitled out of the proceeds of sale of the mortgaged premises to priority in payment to the mortgage of G. A. Norwood & Co.

2.  Because his honor erred in holding that the mortgage of G. A. Norwood & Co. was in fact paid on the 13th day of January, 1885, the date of the first renewal of the same by C. N. Rogers and N. S. Rogers.

3.  Because his honor erred in holding that the renewal of the bond and mortgage by C. N. Rogers and N. S. Rogers to G. A. Norwood & Co. was a secret agreement, and could not affect the rights of the defendants, E. H. Frost & Co., who were junior mortgagees.

4.  Because his honor erred in not holding that the mortgage of the defendants, G. A. Norwood & Co., being prior in date and unpaid, should be preferred in its payment to the bond and mortgage of E. H. Frost & Co.

5.  Because his honor erred in not holding that the renewal of the bond and mortgage to G. A. Norwood & Co. was valid and binding upon the junior mortgagees, E. H. Frost & Co., as the said renewed mortgage was of record and uncancelled.

6.  Because his honor erred in not holding that it was incum-

22—36

bent on said junior mortgagees, E. H. Frost & Co., to give actual notice to the senior mortgagees, G. A. Norwood & Co., of the existence of said junior mortgage after its execution, in order to give the latter priority over the former.

7. Because his honor erred in not holding that the senior mortgage of G. A. Norwood & Co. was not such a mortgage as could be affected by actual notice of a subsequent mortgage, as G. A. Norwood & Co. were compelled to make the advances specified in the said renewed bond.

8. Because his honor erred in not holding that the renewal of said bond and mortgage of G. A. Norwood & Co. was a revivor of the same, and was valid as against the subsequent mortgage of defendants, E. H. Frost & Co.

9. Because his honor erred in not holding that the account of G. A. Norwood & Co. against C. N. Rogers, was a running account and had not been closed, and that the bond and mortgage given to secure the same was to secure an eventual balance which had not been paid at the date of the mortgage to E. H. Frost & Co., nor at any time afterwards.

10. That his honor should have held that the question involved was one of the application of payments by G. A. Norwood & Co. to their account against C. N. Rogers; that there had been no direction of such application by C. N. Rogers, and that the same had been applied to the open account, which was in excess of the security given, thus leaving the balance on account secured by the bond given by C. N. Rogers and the mortgage given to secure the same.

11. Because his honor erred in not holding that G. A. Norwood & Co. were at least entitled to priority under their mortgage over E. H. Frost & Co. to the extent of all amounts due them on account of C. N. Rogers on the 23rd day of February, 1885, the day the mortgage of E. H. Frost & Co. was executed.

12. That his honor erred in not decreeing the sum of $669.96, with interest from the date of the advancement of the items composing that amount, on the account of C. N. Rogers, due to G. A. Norwood & Co., at ten per cent. per annum, till the date of the decree herein.

13. Because his honor erred in holding that a recital by C. N.

and N. S. Rogers in the mortgage to E. H. Frost & Co., to the effect that there was no other encumbrance on the mortgaged premises than the Munnerlyn mortgage, could affect the rights of G. A. Norwood & Co., the senior mortgagees, who knew nothing of such recital.

14. Because his honor erred in holding that there was a settlement between C. N. Rogers and G. A. Norwood & Co., on the 13th January, 1885, on which day there was a balance due said C. N. Rogers of three or four hundred dollars.

The facts in this case are undisputed, and are about as follows: C. N. Rogers, in February, 1884, agreed with G. A. Norwood & Co. to borrow $1,000, to be paid on or before 1 January, 1885, and that he would ship said firm seventy-five bales of cotton, to be sold by them as factors during the year 1884; and in order to secure such factors he, with his father, N. S. Rogers, executed their bond to them in the penalty of $2,000, conditioned for the payment of $1,000 and interest, &c.; and that on the 1 January, 1885, G. A. Norwood & Co. held claims against C. N. Rogers for $2,360.34, and held to C. N. Rogers's credit, $2,442.-58, in money, and six bales of cotton worth $277.69. On 13 January, 1885, Norwood & Co. owed C. N. Rogers $2,720.27, and he owed them $2,376.59, a difference in Rogers's favor of $359.-93. These two results, to wit: the state of their accounts on 1 January, 1885, and also on 13 January, 1885, included the bond secured by mortgage. On the 13th January, 1885, C. N. Rogers made an agreement with G. A. Norwood & Co., which was entered on the bond executed 23rd February, 1884, by which it was agreed between them that the arrangement for 1884 should be continued for the year 1885. This agreement was not entered on the record of the mortgage or made known. In other words, while entirely fair and business like between the parties to the same, it was not made public.

On March, 1st day, 1884, Elizabeth Munnerlyn obtained a mortgage upon the lands in controversy here, for $2,000 and interest. This is admitted on all hands as the first and preferred lien. On 23rd February, 1885, Charles N. Rogers executed a mortgage on these lands to secure an antecedent indebtedness of $3,000 to E. H. Frost & Co., representing in the body there-

of that there was no lien thereon except that by mortgage to Elizabeth Munnerlyn. It is admitted that E. H. Frost & Co. had no actual notice of the mortgage of George A. Norwood & Co., or of any continuance thereof.

At the hearing Charles N. Rogers, who was the witness of George A. Norwood & Co., testified that all indebtedness between him and said firm of George A. Norwood & Co. was paid on the 13th January, 1885, and no testimony or admissions of parties appears to negative such testimony.

Judge Hudson decreed that the lands should be sold and the proceeds applied, 1st, to the payment of the mortgage of Elizabeth Munnerlyn ; 2nd, to the payment of the mortgage of E. H. Frost & Co. ; 3rd, to the payment of the mortgage of George A. Norwood & Co.

From the view we take of this case, it will only be necessary for us to consider the first exception ; it includes all the rest.

Before proceeding regularly to respond to the inquiry made of us by the appellants, it is proper that we should notice so much of the appellants' argument as suggests that inasmuch as the defendants, E. H. Frost & Co., did not in their answer set up their defence of purchasers for valuable consideration without notice, that they are not entitled to such equitable defence. It may be well to state just here that this exception is not urged by the plaintiff as such, but by the defendants, George A. Norwood & Co. ˙ The cause of action set up by the plaintiff was the Munnerlyn mortgage. The defendants, E. H. Frost & Co. and George A. Norwood & Co., were only proper parties to his action for the foreclosure of his mortgage, because they held junior encumbrances on the same property. When the defendants, Frost & Co., answered the complaint, denying its allegations touching the relative rank of Frost & Co.'s mortgage and that of Norwood & Co., that was all that was necessary, so far as the plaintiff was concerned. We must not be understood as denying the right of co-defendants to have their equities as between themselves tried in this action. That right has been repeatedly recognized by this court. *Quattlebaum* v. *Black*, 24 S. C., 55 ; *Motte* v. *Schult*, 1 Hill Ch., 145.

The plaintiff in the case at bar sued as assignee and mort-

gagee, and did not include his membership of the firm of Norwood & Co. in his character as plaintiff; his name in that latter relation appears here as a defendant. It is defective pleading for one and the same person to appear as both plaintiff and defendant in the same action. Correct pleading requires that a plaintiff or defendant, as the case may be, should unite in himself as such plaintiff or defendant, as the case may be, all the characters he may bear to the subject-matter. Thus, if an individual has rights as an individual, and also rights as a trustee (in one of its many forms), or as partner in a firm in one subject-matter, he should be so described. We make these observations here because this is the second instance[1] during the present term of this court in which we have noticed this departure from the rules for pleading, and all the more readily in this case because of the admirable manner in which, in every other respect, the papers have been prepared.

After a careful consideration of the appeal, the writer of this opinion has reached the conclusion that the decree below must be modified, for he was satisfied that Norwood & Co. were entitled to a priority in so far as the amount advanced to C. N. Rogers, beginning on the 13th day of January and ending on the 23d February, 1885, being the sum of six hundred and eighty-six 21–100 dollars, is concerned. This result arises from these considerations: The Circuit Judge found as a fact, and as a conclusion of law, that the written agreement endorsed on the bond and mortgage between Norwood & Co. and C. N. Rogers "was equivalent to the execution of a new bond and mortgage by him to them, and he is bound thereby," on the 13th January, 1885. This finding of the judge has not been appealed from, and is, therefore, the law of this case. He also finds that C. N. Rogers executed his mortgage to Frost & Co. on the 23d February, 1885, and the same was recorded on that day. This is admitted to be true. It also appears that Norwood & Co. advanced to Rogers $686.21 between the 13th January, 1885, and the 23d February, 1885.

It is not material, in the writer's view of the rights of these parties, that the consideration of the mortgage of Frost & Co. was an antecedent indebtedness. It was lawful to make such

---

[1] See *McFall* v. *McFall*, 35 S. C., 559.

mortgage, and, under the registry laws of this State, having been duly recorded on that date, it was notice to all the world of their lien on the land from the date of the execution of the mortgage. It is also the law of this State that a mortgage is entitled to the advantage of the doctrine of equity of purchaser for a valuable consideration without notice. *Haynsworth* v. *Bischoff*, 6 S. C., .165, and cases there cited.

It must be apparent, therefore, that on the 23d day of February, 1885, these co-defendants—Frost & Co. and Norwood & Co.—stood in this attitude to each other, growing out of their transactions with C. N. Rogers : Norwood & Co. had a mortgage entitling them to advance from time to time to Rogers not more than $1,000, and of this sum they had advanced $686 21. On this day Frost & Co., upon an antecedent debt of C. N. Rogers of $3,000, obtained *bona fide* a mortgage from Rogers upon the same land covered by the lien of Norwood & Co. What is the rule equity adopts in such a case ? It treats the parties in this way : It asks, has Frost & Co. parted with any consideration to Rogers previously or on the 23d February, 1885, either by the surrender to him of any security or the payment of any money, or divesting themselves of any right by which such firm have been placed in any worse situation than they would have been in if they had received notice of Norwood & Co.'s mortgage ? Their answer, under the proofs here, would be No. Then equity supplies relief to Norwood & Co. in this way. It says : You have not complied with the law by recording your mortgage, but by an honest dealing with Rogers you have obtained a right that he created by contract to hold his land as a pledge to secure so much money or property, to wit, $686.21, as you advanced to him prior to the day the law made you take notice of the rights of Frost & Co., and this we give you, because, to that extent, you are a purchaser for valuable consideration without notice. *Zorn* v. *C. & S. R. R. Co.*, 5 S. C., 97, and other cases there cited.

But after a very careful examination of the decisions of our courts, and after an interchange of views by the different members of this court, I am directed to announce as its unanimous decision that no such priority exists as to the debt of $686.21 in Norwood & Co. over the mortgage of E. H.

Frost & Co.   The very object of the act of 1843, regulating the registry of mortgages, was to uproot secret liens, and the provisions of that act have been extended to apply to the registry of deeds of conveyance, as will be seen by reference to section 1776 of our General Statutes.   It is true, that in both acts reference is to validity of record as to "subsequent creditors and purchasers for valuable consideration without notice."   But this court, in *Piester* v. *Piester*, 22 S. C., 143, uses this language : "We do not mean to say that the mortgages, having been recorded (although out of time), may not have a valid lien on the land embraced, as to such creditors as do not come within the category of subsequent creditors without notice," thus strongly intimating what its judgment would be when a case should be made as between a creditor whose mortgage, unrecorded, was created prior to a mortgage duly recorded.   We cannot say that this precise question has been directly passed upon by our courts, but the *dicta* in our decisions plainly point to the decision when the question shall be presented.   This court, therefore, now announces that a secret mortgage, or a mortgage not recorded, is displaced in lien by a mortgage subsequently delivered and duly recorded, even if the debt secured by the recorded mortgage is an antecedent indebtedness.

So far as any advances made to Rogers by Norwood & Co. after the 23d February, 1885, they were made at their peril, for the registry laws of this State made the record of Frost & Co.'s mortgage on that day notice, so that it was impossible for them (Norwood & Co.) to avail themselves of the doctrine of purchasers for a valuable consideration, or subsequent creditors without notice.   For this court to hold otherwise would be to nullify the registry laws of this State.   The provisions of those laws are beneficent as well as wise.   Nor, again, can we accept the views suggested by the appellants as to the effect of the agreement of C. N. Rogers with Norwood & Co., made on the 13 January, 1885, thus enabling Norwood & Co. to continue their advances beyond the 23d of February, 1885, when Frost & Co. obtained their mortgage, for to do so would be at variance with the decisions of this court in the cases of *Walker* v. *Arthur*, 9 Rich. Eq., 397 ; *National Bank of Chester* v.

*Gunhouse,* 17 S. C., 494, and other cases. We cannot hold that Norwood & Co. were bound to continue advances to Rogers after 23d February, 1885, for, by the execution of the mortgage to Frost & Co. at that date, he had deprived himself by his own act of any right to such advances.

We could not reverse the findings of the Circuit Judge referred to in the 2d, 4th, 9th, 10th, and 14th exceptions. They relate to findings of fact. Instead of being without any testimony to support them, or being manifestly against the weight of testimony, we find abundant testimony in the case to support them.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

