### SMITH *ET AL.* v. SOUTH CAROLINA STATE HIGHWAY COMMISSION

(136 S. E., 487)

1. STATUTES—STATUTE DEALING WITH SUBJECT-MATTER IN MINUTE WAY PREVAILS OVER INCONSISTENT STATUTE OF GENERAL NATURE ADOPTED AT SAME SESSION.—Statutes adopted at same session of Legislature are to be construed together and so construed, if possible as to harmonize; yet, if they are necessarily inconsistent, statutes dealing with common subject-matter in a minute and particular way will prevail over one of a more general nature.

2. TAXATION—DOUBT RELATIVE TO ENACTMENT AND ENFORCEMENT AND TAX STATUTES MUST BE RESOLVED AGAINST GOVERNMENT.—Where substantial doubt exists as to construction and interpretation of legislative action with respect to enactment and enforcement of tax statutes, doubt must be resolved against government.

3. CARRIERS—MOTOR VEHICLE LICENSE LAW HELD REPEALED AS TO MOTOR VEHICLE CARRIERS (34 STAT., pp. 51, 252).—34 Stat., p. 252, requiring annual license fees on motor vehicle carriers, and

providing that no additional license fees or tax shall be charged, being inconsistent with 34 State., p. 51, imposing license tax on owners of motor vehicles, latter act is repealed as to motor vehicle carriers, since such act deals generally with subject of license of motor vehicles, while 34 Stat., p. 252, relates to specfic subject-matter.

4. STATUTES—LAWS PERTAINING TO SAME SUBJECT MUST BE HARMONIZED, IF POSSIBLE.—Supreme Court has duty of harmonizing all legislative enactments pertaining to same subject, if possible.

Original petition for injunction by Hovey Smith, individually and in behalf of all other bus operators in South Carolina, similarly situated, against the South Carolina State Highway Commission. Injunction granted.

*Messrs. Mauldin & Love* for petitioner, cite: *Act will be construed to determine legislative intent from words used:* 101 S. E., 285. *Ambiguities in tax statute to be resolved against State:* 121 S. E., 380. *"Bus Regulation Act"; licenses required:* 34 Stats., 252, Secs. 6, 7 and 9. *General motor vehicle license law:* 34 Stats., 51. *Two statutes relating to same subject-matter passed at same session of legislature to be construed together:* 25 R. C. L., 1062. *Same; One general and other special:* 109 Sup. Ct. Rep., 504; 22 Sup. Ct. Rep., 584; 107 P., 881; 25 R. C. L., 928; 1 Sutherland on Statutory Construction, 2nd Ed., Sec. 275.

*Messrs. John M. Daniel,* Attorney General, and *Cordie Page,* Assistant Attorney General, for respondent cite: *General motor vehicle license law:* 33 Stats., 1193; 34 Stats., 51. *"Bus Regulation Act":* 34 Stats., 252. *Statutes similar to those of this State construed:* 125 S. E., 427; 125 S. E., 431; 125 S. E., 433; 125 S. C., 435; 125 S. E., 583; 124 S. E., 259.

January 26, 1927.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This cause involves the construction of certain provisions of Act No. 34 of the General Assembly, approved March 23, 1925, entitled "An act to amend an act entitled 'An act to

provide for a state system of hard-surface, top-soil and other dependable types of highways in this state,' known as Act No. 731 of the Acts of 1924, so as to reduce the licenses of automobiles and increase the tax on gasoline," and provisions contained in Act No. 170, approved April 8, 1925, entitled "An act providing for the regulation, supervision and control of persons, firms, corporations, and associations owning, controlling, operating or managing motor vehicles used in the business of transporting persons or property for compensation on the improved public highways of this state, which are, or may hereafter be declared to be parts of the state highway systems, or any of the county highway systems, or the streets of any city or town, and prescribing and imposing license fees and providing for the disposition of the revenue raised by the same." We refer to the act first mentioned as the "General Highway Act," and the one last mentioned as the "Bus Regulation Act."

The petitioner, who has operated a bus line between Greenville and Anderson since June 8, 1925, alleges in brief the following matters: That he has complied in full with the terms of the "Bus Regulation Act" and with all the rules and regulations made by the respondent, South Carolina State Highway Commission; that he is the owner and holder of a class A certificate issued to him under the authority of Section 4 of the Bus Regulation Act; that he has paid all license fees imposed under Section 6 of that act; that the respondent demands of the petitioner, in adrition to the fees already paid by him, certain fees or licenses imposed under Section 9 of Act No. 731 of the General Assembly of 1924, as amended by Act No. 34 of 1925; that the respondent threatens to revoke the certificate issued to him, and to have petitioner arrested for not complying with the provisions of the "General Highway Act."

Upon application to Mr. Associate Justice Cothran, the respondent was restrained from proceeding with efforts to collect the "annual license tax," until the matter was

heard by the Court, and was required to make return to the petition filed herein. In the return the respondent admits the allegations of fact contained in the petition, but alleges that the petitioner should be required to pay the license fees required in both the "General Highway Act" and the "Bus Regulation Act."

In the amendatory "General Highway Act," No. 34 of 1925, there is in the amended Section 9 the following provision:

"On and after January 1, 1925, every resident owner of a motor vehicle in the state of South Carolina shall pay the state highway commission, *in lieu of all other state, municipal or county licenses, an annual license as follows.* * * * All licenses shall expire on the 31st day of December following the day of issuance. Annual license shall hereafter be issued between the first day of January and the first day of February of each year. In the case of motor vehicles registering for the first time, the full annual fee shall be paid for licenses issued between January 1st and March 31st; three-fourths of the annual license fee for license between April 1st and June 30th; one-half of the annual fee for license between July 1st and September 30th; and one-fourth of the annual fee for license issued between October 1st and December 31st."

In Section 6 of the "Bus Regulation Act," wherein the license fees for motor vehicles operating as busses are fixed, there is contained the following provisions:

"Provided, however, that an applicant for a certificate B will not be required to furnish schedule with this application, and for all such motor vehicles the following annual fees shall be paid to the highway commission for license issued by him, *and no additional license fees or license tax shall be charged the motor vehicle carrier by the state; nor, as to holders of certificate A or B, shall any city, town or county impose a license fee or license tax on such motor vehicle carrier.* The carrying capacity weight of all passenger vehi-

cles shall be computed upon a basis of one hundred and fifty pounds per passenger seat."

Section 17 of the "Bus Regulation Act" is as follows:

"The provisions of this act shall not be taken or held to repeal an Act known as Act 605, Acts og 1924, entitled 'An Act to prohibit the imposition or collection of more than one license or occupation tax or municipalities with this State upon certain business.' *All Acts or parts of Acts inconsistent herewith are hereby repealed to the extent of said inconsistency, but nothing herein contained shall be construed to relieve any motor vehicle as herein defined from any regulation otherwise imposed by law or lawful authority.*"

In the repealing clause of Section 17, the reference to Act 605 of 1924 is erroneous. Obviously, the Act which it was intended to refer to was No. 606 of the same year. The title of the Act is also imperfectly stated. The correct title of Act No. 606 is:

"An Act to prohibit the imposition or collection of more than one license or occupation tax by municipalities within this State upon certain business."

Both the amendatory "General Highway Act" and the "Bus Regulation Act" were enacted at the same session of the General Assembly; the former being first enacted. In some respects both of the Acts relate to the same subject-matter, namely, the licensing of motor vehicles. The general rule as to the construction of statutes adopted at the same session of the Legislature, when they relate to the same subject-matter, is set forth, we think, correctly, in 36 Cyc., 1151, as follows:

'The rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes passed at the same session of the Legislature; it is to be presumed that such Acts are imbued with the same spirit and actuated by the same policy, and they are to be construed together as if parts of the same Act. They should be so construed, if

possible, as to harmonize, and force and effect should be given to the provisions of each; *if, however, they are necessarily inconsistent, a statute which deals with the common subject-matter in a minute and particular way will prevail over one of a more general nature; and of two inconsistent statutes enacted at the same session, that will prevail which takes effect at the later date.*

"Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; *but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one;* and where the general Act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication."

The "Bus Regulation Act" being the later enactment, the proper rule of construction seems to be to attempt, if possible, to harmonize the two statutes regarding the "Bus Regulation Act" *"as an exception to, or qualification of, the prior general one."*

The "General Highway Act" deals with the subject of licensing motor vehicles "in general and comprehensive terms." The "Bus Regulation Act" deals only with a part of that same subject "in a more minute and definte way." This being the case, it follows under the rule, as laid down in Cyc., that, the terms of the "Bus Regulation Act" being special, they must prevail over the provisions of the "General Highway Act," where there is an inconsistency in the two Acts.

Another rule, which we think of force here, is:

2  "Where substantial doubt exists as to the construction and interpretation of legislative action with re-

spect to the enactment and enforcement of tax statutes, it must be resolved, against the government." *Columbia Ry. Gas & Electric Co. v. Carter,* 127 S. C., 473; 121 S. E., 377.

Under the authorities quoted, we think it is clear that the provisions of the "Bus Regulation Act" that *"no additional license fee or license tax shall be charged the motor vehicle carrier by the State,"* which is inconsistent with the idea that the operator of a "bus" shall pay the license fees required by the "General Highway Act," taken together with the repealing clause of the "Bus. Regulation Act," is a complete repeal as to the license fee required by the "General Highway Act," so far as busses operating under the "Bus Regulation Act" are concerned.

We have considered carefully the contention of the respondent that the clause, "But nothing herein contained shall be construed to relieve any motor vehicle as herein defined from any regulation otherwise imposed by .law or lawful authority," shows an intention on the part of the General Assembly not to revoke the requirements of the "General Highway Act" that busses should pay the fees required by that legislation. Among the numerous definitions of the word "regulation" given in Cyc. is that "the term may be employed as an equivalent of ordinance, rule, or by-law."

The "Bus Regulation Act" not only imposes a license or tax upon the motor vehicle carrier, but also regulates the operation of such vehicles and to some extent the conduct of the owners and drivers thereof in the business conducted. It is well known that at the time of the passage of that Act many municipalities had enacted ordinances regulating the driving and parking of motor vehicles, including those operated as busses. There were also included in our statutes regulations as to the speed and manner of driving motor vehicles on the public highways. It may have been that the Legislature, desiring not to interfere with the provisions of these statutes and ordinances, inserted in the "Bus Regulation Act" the provision last quoted.

A construction of this kind will tend to harmonize all legislative enactments pertaining to the subject of motor vehicles. It is the duty of the Court to harmonize them, if possible.

Our conclusion is that the claim of the petitioner is well founded. It is, therefore, the judgment of this Court that the prayer of the petition be granted, and that the injunction prayed for be issued.

Mr. Chief Justice Watts, and Messrs. Justices Cothran and Stabler, and Mr. Acting Associate Justice C. J. Ramage concur.