## 1841

THE LITE HOUSE, INC., Appellant v. J.C. ROY COMPANY, INC., Kenneth D. Bolin, Nancy L. Bolin and National Bank of South Carolina, Defendants, of whom Kenneth D. Bolin and Nancy L. Bolin are Respondents.

(419 S.E. (2d) 817)

Court of Appeals

*R. Bryan Barnes*, of *Sherrill & Rogers*, Columbia, *for appellant.*

*Walter H. Smith*, Columbia, *for respondents.*

*S. Alan Medlin, Associate Professor of Law, University of South Carolina School of Law*, Columbia, *amicus curiae.*

Heard March 11, 1992.

Decided June 22, 1992.

GOOLSBY, Judge:

The Lite House, Inc., brought this action for, among other things, foreclosure of a mechanic's lien against J.C. Roy Company, Inc. (hereafter "Roy"), Kenneth D. Bolin, Nancy L. Bolin (hereafter "the Bolins"), and National Bank of South Carolina. The trial court granted the Bolins' motion for summary judgment. The Lite House appeals. The dispositive issue concerns the effect of an amendment to the Recording Act, S.C. Code Ann. § 30-7-10 (1991). We affirm.

The Bolins, as prospective purchasers of a home being built by Roy, selected some lights and other fixtures at the Lite House and charged the $800.05 cost to Roy's account. Roy installed the fixtures in the home before selling it to the Bolins. Although Roy gave the Bolins permission to charge the fixtures to its account, Roy did not pay the Lite House for the fixtures.

On July 28, 1989, the Bolins, with the benefit of a mortgage

loan from National Bank of South Carolina, paid Roy the full purchase price of the home. At the closing of the sale, Roy provided the Bolins with an affidavit stating there were "[n]o unpaid debts for . . . any personal property or fixtures that are located on the subject property . . ." The Bolins recorded their deed on August 3, 1989.

On October 10, 1989, more than two months after the Bolins recorded their deed, the Lite House recorded a certificate of lien. One December 22, 1989, it commenced this suit to foreclose its lien. The Bolins answered and later moved for summary judgment.

The trial court, as we indicated, granted the Bolins' summary judgment motion. It held the Lite House's failure to record its certificate of lien prior to the Bolins' recording of their deed barred foreclosure of its lien.[1]

Since 1918, South Carolina courts have construed the Recording Act to allow a purchaser for value without notice of any liens to take title to real property free of liens that were not recorded before the recording of the purchaser's deed. *See Williamson v. Hotel Melrose*, 110 S.C. 1, 96 S.E. 407 (1918) (the Recording Act protected a mortgagee where a contractor commenced work before the recording of the mortgage but filed notice of a lien after the recording of the mortgage); *Glover v. Lewis*, 299 S.C. 44, 382 S.E. (2d) 242 (Ct. App. 1989) (the Recording Act protected a mortgagee that recorded its lien without notice of any unrecorded lien of a mechanic where the mechanic commenced work before the recording of the mortgage but recorded a certificate of lien after the recording of the mortgage).[2]

In 1989, the legislature, have enacted Act. No. 494 in 1988, amended the Recording Act to add certain language thereto. 65 STAT. Act No. 494 § 8, at 4498 (1988). With the added lan-

---

[1] We very much appreciate the excellent amicus curiae brief submitted at our request, with no objection by the parties, by Professor S. Alan Medlin of the University of South Carolina School of Law. The brief insured a complete presentation of the issues raised in this appeal and it greatly simplified our task of addressing them.

[2] Mortgagees are treated as purchasers under the Recording Act. *Norwood v. Norwood*, 36 S.C. 331, 15 S.E. 382 (1892); *Mechanics' Liens in South Carolina*, 25 S.C.L. Rev. 817, 845 (1974); Means, *The Recording of Land Titles in South Carolina*, 10 S.C.L.Q. 346, 368 n. 85 (1958).

guage italicized by us, the Recording Act now reads in pertinent part:

> [A]ll statutory liens on buildings and lands for materials or labor furnished on them . . ., *except as otherwise provided by statute,* are valid so as to affect the rights of subsequent . . . purchasers for valuable consideration without notice, only from the day and hour when they are recorded . . . In the case of a subsequent purchaser of real estate, . . . the instrument evidencing the subsequent conveyance . . . must be filed for record in order for its holder to claim under this section as a subsequent . . . purchaser for value without notice, and the priority is determined by the time of filing for record.

The Lite House argues a purchaser of real estate for value without notice, because of the 1989 amendment to the Recording Act, "takes free of unfiled mechanic's liens unless another statute says differently" and another statute, section 29-5-370,[3] "says differently." We disagree.

Turning first to the 1989 amendment, the principal factor we consider in construing an act of the legislature is the intent of the legislature and not the language of the act itself. *Abell v. Bell,* 229 S.C. 1, 91 S.E. (2d) 548 (1956). Where, as here, the language of an act gives rise to doubt or uncertainty as to legislative intent, we may search for that intent beyond the borders of the act itself. *Id.* We may consider, among other things, the act's title and reporter's notes as aids in interpreting the act. *Lindsay v. Southern Farm Bureau Casualty Insurance Co.,* 258 S.C. 272, 188 S.E. (2d) 374 (1972); 73 Am. Jur. (2d) *Statutes* § 98, at 322-23 (1974); *id.* § 175, at 377-78.

The title to Act No. 494 declares its purpose to be to amend section 30-7-10 and other code sections, "so as to further provide for these sections in conjunction with the amendments to the *Uniform Commercial Code* as contained herein[.]" Act

---

[3] S.C. Code Ann. § 29-5-370 (1991) provides in pertinent part:

> If the person indebted dies or conveys away his estate or interest before the commencement of a suit on the contract, the suit may be commenced and prosecuted against his heirs or whoever holds the estate or interest which he had in the premises at the time the labor or materials were performed or furnished.

No. 494, at 4115. (Emphasis ours.) The reporter's notes accompanying the amendment explain,

> Section 30-7-10 of the 1976 South Carolina Code is the general recording statute applicable to both real and personal property. Since Article 9 of the Uniform Commercial Code generally governs personal property security transactions, the amendments to Section 30-7-10 are designed to eliminate any reference to recording of *security interests* in personal property thereby avoiding any inconsistency with Article 9. ( Emphasis ours.)

Act. No. 494, at 4512.

These aids to interpretation manifest the legislature simply intended, by amending the Recording Act, to conform the Recording Act to Article 9 of the Uniform Commercial Code.[4] Thus limited, the language added to the Recording Act does not relate to the recording of liens on real property but relates only to the recording of security interests in personal property.

Regarding section 29-5-370, even were we to accept the Lite House's argument that the Recording Act, as amended, allows a purchaser for value without notice to take title to real property free of unrecorded liens "unless another statute says differently," we would not hold, as urged by the Lite House, that section 29-5-370 "says differently" and thus permits foreclosure of a mechanic's lien where, as here, the mechanic recorded the certificate of lien *after* the purchaser of real property recorded the deed.

Statutes pertaining to the same subject must be harmonized if possible. *Smith v. South Carolina State Highway Commission*, 138 S.C. 374, 136 S.E. 487 (1927); *see* 82 C.J.S. *Statutes* § 366, at 810-812 (1953) (all applicable statutes on the same subject should be construed together so as to produce a harmonious system or body of legislation).

Section 29-5-370, which is in the nature of a survival statute, merely permits, so far as is relevant here, the bringing of an action to enforce a lien against a subsequent purchaser. It does not address the issue of priority between a

---

[4] S.C. Code Ann. §§ 36-9-101 to -607 (1976 & Supp. 1991).

subsequent purchaser and a person performing labor or furnishing materials.

Section 30-7-10, however, does address this matter. It states priority between a mechanic and a subsequent purchaser "is determined by the time of filing for record."

When construed together, therefore, sections 29-5-370 and 30-7-10, permit a mechanic to foreclose a mechanic's lien against a subsequent purchaser of real property for value without notice only if the mechanic records the certificate of lien *before* the subsequent purchaser records the deed.

Because we have determined the trial court did not err in holding the Lite House is barred from foreclosing its mechanic's lien by section 30-7-10, we need not address the Lite House's argument that the trial court erred in holding the Lite House is barred from foreclosing its mechanic's lien by section 29-5-40.[5] *See Pruitte v. Burns,* 212 S.C. 325, 47 S.E. (2d) 785 (1948) (when an appeal raises two issues, the court's decision as to the first issue may render the second issue immaterial).

Because the trial judge did not address the issue of ■ whether the Bolins had inquiry notice and the Lite House made no motion asking him to do so pursuant to Rule 59(e), SCRCP, we also will not address this issue. *See Talley v. South Carolina Higher Education Tuition Grants Committee,* 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue raised in the trial court but not ruled on by the trial judge is not preserved and the complaining party must move before the trial court to amend the judgment pursuant to Rule 59(e), SCRCP).

The trial court, therefore, properly granted the Bolins' motion for summary judgment. *See U.S. Leasing Corp. v. Janicare, Inc.,* 294 S.C. 312, 364 S.E. (2d) 202 (Ct. App. 1988) (sum-

---

[5] S.C. Code Ann. § 29-5-40 (1991) provides:

Whenever work is done or material is furnished for the improvement of real estate upon the employment of a contractor or some other person than the owner and such laborer, mechanic, contractor or materialman shall in writing notify the owner of the furnishing of such labor or material and the amount of value thereof, the lien given by § 29-5-20 shall attach upon the real estate improved as against the true owner for the amount of the work done or material furnished. But in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on the contract price of the improvement made.

mary judgment should be granted when it is clear that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law).

Affirmed.

SANDERS, C.J., and SHAW, J., concur.

