## STATE v. McGRAW.

1. PUBLIC OFFICERS—PRESUMPTIONS.—In the absence of proof to the contrary, it will be presumed that a writ of venire was properly served upon the jury commissioners.

2. DE FACTO OFFICER—JURORS who are served with summons by one acting as deputy sheriff and who attend the court and are sworn, are lawful jurors.

3. SEPARATION OF WITNESSES—CONFERENCE WITH COUNSEL.—The solicitor may confer with a witness as to a fact in issue after witnesses have been separated by order of court; and therefore there was no error in permitting a witness who had thus been conferred with, to be afterwards sworn.

4. PRESENCE OF ACCUSED.—It is no ground for new trial that the defendant was in jail while the jury were in their room considering their verdict, the defendant not having asked to be present in court, and being brought in before verdict rendered.

5. SELF-DEFENCE.—The defendant being on trial for assault and battery with intent to kill, the trial judge charged the jury that defendant "must have believed that his life was in immediate danger, or that he was in danger of great bodily harm from which he had no other probable means of escape." *Held*, no error.

Before NORTON, J., Fairfield, February, 1890.

This was an appeal by Thomas McGraw from a sentence of the court on his conviction of assault and battery with intent to kill. The jury retired to their room to consider their verdict on the evening of February 19, and defendant was taken from the court room, and was not brought in again until next morning, some time after court had convened and only a few moments before the jury returned into court with their verdict. During much of this time the defendant's counsel were not in the court room, but knew that court was in session.

The judge charged the jury as follows:

*Gentlemen of the Jury:* The defendant, Thomas McGraw, is indicted for an assault and battery with intent to kill upon the person of the prosecuting witness here, Henry Bell. Now, an assault and battery with intent to kill is such an assault and battery that if the killing had occurred, it would have been murder, and the intent to kill must have existed at the time. Murder is the killing of any person with malice aforethought, either expressed or implied. Malice is the deliberate design to do evil. Self-defence is when one being without fault has a right to believe that he is in immediate danger of bodily harm from the assault of another, from which he has no other probable means of

escape, and commits an assault on another to save himself, and it is urged by the State that self-defence has not been proven with regard to either of the shots to which the defendant testified.

But it is especially urged by the State that there can be no pretence at the time the last shot was fired; that the prosecuting witness was then in full flight. Well, that is the law when the necessity to act ceases. It must exist when any assault is committed. It might reduce the second shot if it was done in the same affray, although there might not be any necessity for it (if there was really self defence in the first shot), to an assault and battery of a high and aggravated nature, because malice might, as in the case of manslaughter, be wanting. In a sudden affray between parties ordinarily, although there may have been previous grudge, the killing is attributed not to the previous malice, but to the sudden fray.

So, gentlemen, in considering this case, you will consider as to the first shot fired, whether it was justifiable in self-defence as I have defined it to you; and you are to consider, too, as to the second shot whether self-defence has been made out, if there was a second shot, as I have defined self-defence to you, If any one of the particulars is missing in the plea of self defence, it has failed. The party must have been without fault, and he must have believed that his life was in immediate danger. or that he was in danger of great bodily harm, from the assault of another from which he had no other probable means of escape. And he must not only have believed it, but any man of ordinary intelligence and firmness must have believed it. If the defendant is not guilty of assault and battery with intent to kill, but has failed to make out his plea of self-defence, and you consider that an assault and battery of a high and aggravated nature has been committed, then it would be the only other verdict that you could find.

That is to say, there are three verdicts which it is possible for you to find in this case, to wit: guilty, which would mean that the defendant has committed the assault and battery which is alleged in the indictment with malice aforethought either expressed or implied, and that he had the actual intent to kill at the time that he committed the assault; or, second, guilty of

assault and battery of a high and aggravated nature, which would correspond to manslaughter had the killing occurred. Manslaughter can only be predicated in the absence of malice, which absence should be shown you; that the circumstances did not show it to exist, or it has been disproved by the fact that the affray occurred in sudden heat and passion. And then you may find a verdict of not guilty, which would mean that the defendant was justifiable; either that no assault and battery was committed by the defendant upon the prosecuting witness or that he was justifiable on the plea of self-defence which he sets up in the case, having regard to all the batteries which you may think have been proven in this case. For if he is guilty upon one of the batteries, you ought to find that degree of guilt which you think he has incurred by his actions.

The defendant is entitled to the benefit of all reasonable doubts which may arise from the testimony which has been adduced before you in this case. He is not entitled to the benefit of any reasonable doubts upon any testimony which you may imagine some of the witnesses who have been excluded would give. You cannot draw any inferences from anything that you suppose a witness would say; but you are to give the benefit of all reasonable doubts that may exist from the testimony as adduced upon the stand, both as to the extent of the crime, that is, as to whether he is guilty or not, or whether it is to be an assault and battery of a high and aggravated nature, or an assault and battery with intent to kill. If you have doubts as to whether it is the first offence, then you ought to find him guilty of the second offence, unless you come to the conclusion that the plea of self-defence has been made out.

Defendant appealed on the grounds set out in the opinion.

*Messrs. Ragsdale & Ragsdale,* for appellant.

*Mr. McDonald,* solicitor, contra.

February 15, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The defendant was indicted for an assault and battery with intent to kill, and tried at the February

term, 1890, for Fairfield County, and found "guilty."    Upon em-
panelling the jury, counsel for the defendant entered a challenge
to the whole array of grand and petit jurors, and moved to quash
the panels for alleged defects and irregularities in the venires, in
the service thereof, and in the return of the sheriff thereon, viz.:
I. *The venire of the petit jury.*  "1. Did not contain the names
of 36 good and lawful men as required by law, W. L. Rabb,
named therein, not being a citizen of the county.    2. There was
no proof of the service of the venires on the board of jury com-
missioners.    3. The return was illegal, in that it was not made
and signed by the sheriff.    4. That D. E. McDowell was not
authorized by law to serve or summon the jurors in said panels
named, or to make the return on said venires."    Objections 2,
3, and 4 were urged also against the venire of the grand jury.

Copies of the returns on the venires are printed in the "Brief,"
the tenor as follows: "I, H. Y. Milling, sheriff of the county
aforesaid, do hereby certify and return the execution of the writ,
as appears by the foregoing schedule ; and we, H. Y. Milling,
sheriff, and D. E. McDowell, *deputy* of said H. Y. Milling, sev-
erally swear that the statements contained in the first and second
clauses of the said schedule of the different services by us respec-
tively made are true."  (Signed)  D. E. McDowell, and sworn to
before R. H. Jennings, clerk of the court.    Objection was made
that D. E. McDowell was not the deputy of sheriff Milling, and
as such entitled to serve the jurors, for the reason that, although
he had been appointed deputy and had acted as such, his ap-
pointment had never been formally approved by a Circuit Judge,
and he had never taken the oath of office.

During the trial of the cause witnesses were excluded from the
court room.    The solicitor, during the progress of the trial, went
to the room in which the witnesses for the State were confined,
and asked one of the witnesses about his recollection as to a par-
ticular point of evidence.    When this witness was sworn, coun-
sel for the defence objected to his testifying.    Objection over-
ruled and exception taken.

Counsel for defendant made two motions—first in arrest of
judgment for defects appearing on the face of the record, and
then for a new trial upon the same grounds and others ; and these

being refused, he appeals to this court upon the following exceptions:

1. For that his honor should have granted the motion to quash the panels.

2. For that his honor should have granted the motion in arrest of judgment.

3. For that his honor should have granted the motion for a new trial.

4. For that his honor erred in permitting the witness, Daniel Bird, to testify after he had conferred with counsel for the prosecution.

5. For that his honor erred in trying the defendant in his absence and while he was incarcerated in jail.

6. For that his honor erred in charging the jury that "self-defence is when one being without fault has a right to believe that he is in immediate danger of bodily harm from the assault of another, from which he has no other probable means of escape, and commits an assault upon another to save himself. The party must have been without fault, and he must have believed that his life was in immediate danger, or that he was in danger of great bodily harm, from the assault of another from which he had no other probable means of escape."

7. For that his honor erred in charging: "So, gentlemen, in considering this case, you will consider as to the first shot, if there were two shots fired, whether it was justifiable in self-defence, as I have defined it to you, and you are to consider, too, with regard to the second shot, whether self-defence has been made out, if there was a second shot, as I have defined self-defence to you. If any one of the particulars is missing in the plea of self-defence, it has failed." And,

8. "There are three verdicts which it is possible for you to find: guilty; 2nd, guilty of assault and battery of a high and aggravated nature, which would correspond to manslaughter had the killing occurred. Manslaughter can only be predicated in the absence of malice, which absence should be shown you.

9. "You are to give the benefit of all reasonable doubt that may exist from the testimony, both as to the extent of the crime, that is, as to whether he is guilty at all, or whether it is to be an

assault and battery of a high and aggravated nature, or an assault and battery with intent to kill. If you have doubts as to whether it is the first offence, then you ought to find him guilty of the second offence, unless you come to the conclusion that the plea of self-defence has been made out," &c.

As to the alleged error in refusing to sustain the challenge of the array of both the grand and petit juries. There is nothing in the "Case" which shows that the venires were not properly served upon the jury commissioners, and in the absence of proof it will be presumed that public officers did their duty. Nor does it appear that the sheriff failed to have the jurors legally summoned. D. E. McDowell was at least a *de facto* officer in summoning the jurors, who attended and were sworn and served. "One in office and transacting its duties is supposed to be rightfully there, and so far as third persons are concerned, legalizes his acts." See *State* v. *Hopkins*, 15 S. C., 156, and *State* v. *Lee* (*ante* 192), decided at the present term, in reference to a jury commissioner.

There is nothing substantial in the fourth exception, which complains of error on the part of the presiding judge, in allowing Daniel Bird, one of the State's witnesses, to be sworn and examined, the solicitor having had occasion to confer with him for a moment, *after* an order separating the witnesses had been made. The solicitor had the right to enter the room assigned to the witnesses for the State, in order to confer with them as to the facts within their knowledge. "The object of separating witnesses is to afford means of discovering discrepancies in the different accounts, which (if not true) the witnesses will give of the same transaction," &c. *Anonymous Case*, 1 Hill, 256.

The fifth exception complains that the defendant was tried in his absence, while he was incarcerated in jail. It seems that the defendant was present in court on the 19th, while his trial was going on, but that he was not brought into court until about noon of the next day. He was present, however, when the verdict was rendered. No application was made by the defendant's counsel that he should be brought into court at an earlier hour. We see no error here.

19—35

All the other exceptions complain that the judge erred in his definition of the law of self defence. We have read the whole charge carefully, and, considered all together, we do not think that the defendant has any right to complain of it.

In reference to what is necessary to give an assault and battery the immunity of self-defence, we do not think that the judge stated the law more "severely" than was done in the case of *State* v. *McGreer*, 13 S. C., 466, relied on by the counsel for the defendant. In that case the words used were: "The evidence should satisfy the jury that the accused actually believed (and was justified in believing) that he was in such immediate danger of losing his life or sustaining serious bodily harm, *that it was necessary for his own protection*, to take the life of his assailant." In this case the judge expressed it thus: "He must have believed that his life was in immediate danger, or that he was in danger of great bodily harm, *from which he had no other probable means of escape*," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.