12894

STATE v. JOHNSON *ET AL.*

(152 S. E., 825)

64

*Messrs. Jennings L. Thompson* and *Claude A. Taylor,* for appellants,

 

*Mr. I. C. Blackwood, Solicitor* and *Messrs. L. G. South-ard* and *Sam R. Watt* for the State,

April 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendants were indicted in the Court of General Sessions of Spartanburg County charged with the murder of Earle Belue, near the City of Spartanburg, on December 4, 1928. The trial was had before his Honor, Judge Mann, and a jury at Spartanburg, on Thursday, April 25, 1929, and resulted in convictions of murder without recommendation of mercy. The defendants were accordingly sentenced to death and have appealed.

The exceptions assign error in the following particulars:

■ That his Honor, the presiding Judge, refused the motion of the defendants made on April 17, 1929, for an order directing the sheriff to place the defendants in jail where they might be interviewed jointly and at the same time by their attorneys.

2. That his Honor erred in permitting the sheriff to bring the defendants into the courtroom in shackles and in refusing to order them removed.

3. That his Honor erred in setting the case on Thursday, April 25th, after their arraignment on Monday, the 22d, the defendants having announced upon their arraignment that they were not ready for trial.

4. That his Honor erred in refusing the motion of the defendants for a continuance upon the ground of the absence of a material witness.

5. That his Honor erred in not excluding the witness Green from the courtroom after his order upon motion of the defendants that the witnesses be segregated and excluded.

6. That his Honor erred in his charge defining "malice."

7. That his Honor erred in his charge in reference to circumstantial evidence.

8. That his Honor erred in charging the jury that in the findings of fact the jury was "higher than the Supreme Court."

9. That his Honor erred in charging in reference to the testimony of an accomplice.

10. That his Honor erred in refusing the motion of the defendants for a new trial "upon the grounds stated in the record and upon the further ground that the State failed to prove the venue in this case."

11. "That his Honor erred in charging the jury that if two persons go out to steal a watch or money together, that they are jointly guilty of murder which ensues, thereby charging the jury of this case and stating in this portion of the charge that that is about all the law there is to murder in this case."

I. The statement in the transcript of record shows this: "It is admitted that the attorneys representing the defendants were permitted to see the defendants in jail, seeing each of the defendants separately, but as often as was desired and for any length of time desired."

We know of no authority, and counsel have cited none, sustaining the contention that defendants jointly indicted for any crime have the right to a joint consultation with their attorneys. The statement quoted above discloses that they were accorded all the rights to which they were entitled.

II. The statement referred to shows this: "The defendants were brought into Court handcuffed; during their trial, they sat with their counsel, without handcuffs, shackles, or in anywise manacled; they were carried

from the jail to the court room and from the court room back to jail handcuffed, the handcuffs fastened to a chain."

Under the circumstances no criticism can be directed against the officers for their treatment of the defendants.

III. This objection is met by the decision of this Court in *State v. Platt*, 154 S. C., 1, 151 S. E., 206.

IV. Motions for continuances are addressed to the discretion of the presiding Judge, and his disposition of such a motion will not be disturbed in the absence of evidence of an abuse of that discretion which does not appear in the case at bar.

V. It appears that the witness Green was accompanying the deceased in the automobile at the time he was shot; he was a very material witness and his presence during the examination of witnesses, in aid of the solicitor, was apparent; the presiding Judge, we think, wisely exercised his discretion in allowing him to remain.

VI. His Honor charged the jury upon the subject of malice: "Now malice, you see, is the basis of murder, and it must be in the heart of the person inflicting the fatal blow at the time the blow was inflicted, the compelling force behind the infliction of the blow. The law has not fixed any arbitrary time that malice must be present." No possible objection can be made to this statement.

VII. His Honor's charge upon circumstantial evidence was entirely unobjectionable, if indeed the defendants, admitting the offense, had the right to ask it. The charge was full and clear as will be seen from this extract: "Crime may be proven by circumstantial evidence as well as by direct testimony of eye-witnesses, but the facts and circumstances relied on to show guilt must be proven to show guilt beyond a reasonable doubt; they must be consistent with each other, and the guilt of the person accused, and inconsistent with any reasonable theory of the innocence of the accused, and must satisfy the jury of the

guilt of the accused beyond a reasonable doubt. Every possible supposition by which the facts and circumstances may be explained consistent with the innocence of the accused must be carefully examined by you, and if upon such examination a reasonable doubt as to the guilt of the accused remains in your minds, you can't render a verdict of guilty as long as that doubt remains. The principle of justice requires that the amount of certainty of proof in all cases must be full of assurance to a moral certainty, and the narrower the crime the plainer and better ought to be the proof of the case."

VIII. As a matter of course, the province of the ■ jury in the solution of issues of fact in a law case is exclusive of all tribunals, circuit or supreme, except in the matter of new trials.

IX. The assignment of error cannot be sustained for ■ two reasons: 1. There was abundant evidence of corroboration of the testimony of the accomplice witness. 2. It was within the province of the jury to believe his testimony and to convict even in the absence of corroboration. *State v. Brown,* 3 Strob., 508; *State v. Scott,* 15 S. C., 434; *State v. Green,* 48 S. C., 136, 26 S. E., 234; *State v. Kennedy,* 85 S. C., 146, 67 S. E., 152; *State v. Sowell,* 85 S. C., 278, 67 S. E., 316.

X. Exception 10 is violative of Rule 4, § 6, in two ■ particulars: It does not contain within itself a complete assignment of error; on the contrary it purports to contain two distinct grounds of error; and, further, it contains a reference simply to the grounds of a motion for a new trial previously made. Aside from this objection, in view of the seriousness of the charge, we have considered both grounds; the grounds of motion for new trial have been practically disposed of in the foregoing discussion; there was sufficient evidence of the location of the crime to have satisfied the rule requiring proof of the venue.

XI. The portion of his Honor's charge, which apparently is the basis of this exception, was as follows: "And further, if 'A' and 'B' set out on an unlawful enterprise, such as the commission of a felony, and in their efforts to further their design and complete their design, complete their enterprise, of committing the felony, they take the life without fault on the part of the deceased, then in that case the law says it is murder. As if you were riding down the highway tomorrow in your car, or on your horse, or walking, and a person should approach you with the preconceived idea and purpose of robbing you of your watch, or of your money, knowing at the time that they were entering upon the commission of a felony, an unlawful act, even though they didn't intend primarily to take your life at the time they attempted to rob, if during the process of putting their unlawful purpose into practice, into realization, they take your life, then the law says that is murder." No valid objection to this charge appears.

We find no error in the trial of the case, and the judgment of this Court accordingly is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.