19310

The STATE, Respondent, v. Charles MOORE et al., Appellants

(184 S. E. (2d) 546)

*W. N. Moore, Jr., Esq.,* of Columbia, *for Appellants,* cites: *As to the Trial Judge's erring in permitting the Solicitor to proceed on both counts of the Indictment, the conspiracy and the larceny after the Solicitor had made an election to proceed only as to the larceny count:*

*John W. Foard, Jr., Esq., Sol.,* of Columbia, *for Respondent.*

November 4, 1971.

Moss, Chief Justice:

Charles, Carolyn, Donald, Dianne, and David Moore were indicted, tried, convicted, and sentenced for the crimes of conspiracy to commit grand larceny and grand larceny, at the 1970 Term of the Court of General Sessions for Richland County. The appeal here is from various rulings of the trial judge made during the trial.

When this case was called for trial, the appellants moved to quash the indictment on the ground that the language alleging conspiracy was vague and uncertain. After some argument upon this question, the solicitor announced that in order to save time he would proceed to try the appellants on the charge of grand larceny. The appellants then made several other motions including a motion for a severance and a separate trial for each of the appellants. The solicitor, in response to the motion for severance, moved to then reinstate the charge of conspiracy and proceed to try the appellants on both counts of the indictment. The trial judge refused all of the motions of the appellants and permitted the solicitor to proceed to trial upon the two charges contained in the indictment.

The appellants allege error on the part of the trial judge in permitting the State to proceed on both counts of the indictment after the solicitor had made an election to proceed only as to the grand larceny count.

We think it was within the sound discretion of the trial judge as to whether he would permit the solicitor to proceed to trial upon the two charges contained in the indictment, even though the solicitor had stated, in view of the several motions and in order to save time, that he would proceed to trial upon the count in the indictment charging grand larceny. We find no error in what the trial judge did.

It is difficult to determine from the exceptions of the appellants whether they contend that the trial judge was in error in refusing their motion for a severance and a separate trial. Assuming, without deciding, that the appellants assign error on the part of the trial judge in refusing their motion for a severance, we find no error because a motion therefor, where several persons are jointly charged with a criminal offense, is addressed to the discretion of the trial judge and only an abuse of that discretion constitutes reversible error. *State v. Britt,* 235 S. C. 395, 111 S. E. (2d) 669. We find no abuse of discretion here on the part of the trial judge.

The appellants made a motion that all witnesses for the State be sequestered. A like motion was made by the solicitor to sequester the witnesses for the appellants. These motions were granted with the statement to various witnesses that "you will not have the benefit of the testimony of other witnesses during the trial when you testify" and that such means that "you cannot talk with other witnesses about this testimony in this case." The court also instructed the sequestered witnesses not to discuss the case with each other.

The trial of this case commenced on September 24, 1970, and was not concluded on that day. On the morning of September 25, 1970, counsel for the appellants advised the court that when his clients came in that they had observed the solicitor talking to some of the witnesses who had testified and some who had not testified. The trial judge held that "there is nothing wrong with the solicitor talking with the witnesses. My sequestration had to do with the witnesses comparing testimony." The trial judge further held that the solicitor had a right to talk to the witnesses and such was not in violation of his order. The exceptions of the appellants alleged error on the part of the trial judge in denying their motion for a "continuance" based on the aforesaid happening. The motion as made was inappropriate and the appropriate motion should have been one for a mistrial

if the appellants had been prejudiced by the solicitor conferring with the witnesses.

Assuming that the appellants made the proper motion, we find no error on the part of the trial judge in refusing such.

In *State v. McGraw*, 35 S. C. 283, 14 S. E. 630, we held that the solicitor may confer with a witness as to a fact in issue after witnesses have been separated by order of court; and therefore there was no error in permitting a witness who had thus been conferred with to be afterwards sworn.

We quote the following from the *McGraw* case:

"There is nothing substantial in the fourth exception, which complains of error on the part of the presiding judge in allowing Daniel Bird, one of the state's witnesses, to be sworn and examined; the solicitor having had occasion to confer with him for a moment *after* an order separating the witnesses had been made. The solicitor had the right to enter the room assigned to the witnesses for the state, in order to confer with them as to the facts within their knowledge. 'The object of separating witnesses is to afford means of discovering discrepancies in the different accounts which (if not true) the witnesses will give of the same transaction,' etc. Anon., 1 Hill, (S. C.) [251] 256."

The counsel for the male appellants moved for a mistrial on the ground that his clients had advised him that the jury viewed them being shackled and being prepared to be taken to the county jail. The trial judge was further informed that when the male appellants were being returned to the court room from lunch that two or three jurors had seen them in chains.

The trial judge refused the aforesaid motion for a mistrial and error is alleged. In refusing the motion for a mistrial the trial judge stated: "I don't believe that the facts here warrant the Court in granting a mistrial. If a mistrial should be granted, it seems to me that you are going to have to seriously consider granting mistrials in every case tried in Rich-

land County in recent history, because anybody who has ever been in this Court House knows that jurors have to walk by the detention cells, and they couldn't help seeing, from time to time, prisoners behind the bars, and they know they are trying defendants who have been indicted and that some are in custody and some aren't. And they know that the defendants have to be transported from the County Jail to the Court House, and to say that this close contact has tainted every trial in Richland County would, in my opinion, verge on the ridiculous."

It is within the sound discretion of an officer charged with the custody of a prisoner to place handcuffs or shackles on him while being taken back and forth between the court house and the jail. 21 Am. Jur. (2d), Criminal Law, Section 240, P. 277; *State v. Johnson*, 156 S. C. 63, 152 S. E. 825; *McCoy v. State*, Fla. App., 175 So. (2d) 588; *State v. Sherron*, 105 Ariz. 277, 463 P. (2d) 533; and *State v. Cassel*, 48 Wis. (2d) 619, 180 N. W. (2d) 607.

We quote the following from the *Sherron* case, above cited, as follows:

"Appellant next contends his rights were prejudiced because he was handcuffed when he was brought to the courtroom and that the jury panel, standing out in the hallway, saw him with the handcuffs on. Neither appellant nor his counsel contends that he remained shackled during the course of the trial. So far as the record shows he was not manacled inside the courtroom, and what he complains of is the fact that he was moved from the jail to the courtroom with handcuffs on. It has long been recognized that a prisoner coming into court for trial is entitled to make his appearance free of shackles or bonds. However, exceptions to this rule have been made, and in such matters the conduct of the trial rests in the sound discretion of the court. * *"

In *State v. Cassel*, above cited, we find the following:

"We think that when a jury or members thereof see an accused outside the courtroom in chains or handcuffs the

situation is psychologically different and less likely to create prejudice in the minds of the jurors. Whether an accused should be in chains and handcuffs outside the courtroom is a matter for the sheriff or the police to determine since such custodian is responsible for the safekeeping and safe transportation of the accused. The record need not show restraints were warranted before and after the accused's appearance in the courtroom. People normally expect to see a prisoner under some restraints in situations where he is able to escape if not in restraints. * * *"

Apart from the statement of the appellants' counsel, the record contains no proof that the aforesaid incident prejudiced the minds of the jurors against the appellants. The appellants did not request the trial judge to admonish the jury to disregard the incident and draw no inferences from the fact that they were in custody and had been handcuffed on their trip to and from the courtroom. However, the trial judge did instruct the jury "It's your duty as jurors to decide this case solely on the basis of the sworn testimony in the courtroom."

We do not find any abuse of discretion on the part of the trial judge in denying the motion of the appellants for a mistrial.

The exceptions of the appellants are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.