**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maurice Alphonso Roberts, Jr., Appellant.

Appellate Case No. 2014-000468

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-358
Heard June 15, 2016 – Filed July 13, 2016

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and Appellate Defender John Harrison Strom, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Sherrie Ann Butterbaugh, and Assistant Attorney General Kaycie Smith Timmons; and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:**  Maurice Roberts, Jr. appeals his convictions and sentences for murder, first-degree burglary, attempted armed robbery, and two counts of attempted murder.  On appeal, Roberts argues the trial court (1) erred in allowing testimony informing the jury he was incarcerated during his trial and (2) failed to adequately consider his juvenile status and imposed a de facto life sentence of forty-five years' imprisonment when his relative culpability should have been considered during an individualized sentencing hearing.  We affirm.

1.  We find the trial court did not err in allowing testimony from Roberts's codefendant explaining Roberts threatened him while being transported to the courthouse for Roberts's trial because the testimony was not unduly prejudicial. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .").  We find the testimony was probative because Roberts threatened his codefendant in an attempt to prevent him from testifying, which may have been indicative of Roberts's guilt. *See State v. Edwards*, 383 S.C. 66, 72, 678 S.E.2d 405, 408 (2009) ("[W]itness intimidation evidence, if linked to the defendant, may be admitted to show a consciousness of guilt.").  Further, testimony regarding Roberts's incarceration during his trial had already been admitted without objection prior to the testimony at issue. *See Estelle v. Williams*, 425 U.S. 501, 507 (1976) ("No prejudice can result from seeing that which is already known." (quoting *United States ex rel. Stahl v. Henderson*, 472 F.2d 556, 557 (5th Cir. 1973))); *State v. Moore*, 257 S.C. 147, 152-53, 184 S.E.2d 546, 548-49 (1971) (holding prejudice will not be presumed when the record contains no evidence the minds of the jurors were prejudiced, apart from the statement of an appellant's counsel).

2.  We find Roberts's argument regarding an individualized sentencing hearing is not preserved for appellate review.  Roberts relies on the holding in *Aiken v. Byars*, 410 S.C. 534, 545, 765 S.E.2d 572, 578 (2014), requiring juveniles sentenced to life without parole receive an individualized sentencing hearing, to argue his case should be remanded for resentencing because his forty-five year sentence is a de facto life sentence without parole.  However, Roberts failed to raise this argument to the circuit court or otherwise obtain a ruling from the sentencing court as to this issue.[1,2] *See State v. Passmore*, 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct. App.

---

[1] *See Aiken*, 410 S.C. at 545, 765 S.E.2d at 578 ("[A]ny individual affected by our holding may file a motion for resentencing within one year from the filing of this opinion in the court of general sessions where he or she was originally sentenced.").

2005) ("The general rule of issue preservation states that if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal."). Thus, we find the issue of whether Roberts is entitled to an individualized sentencing hearing is not properly before this court.

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] Further, Roberts's counsel conceded this issue was not preserved during oral argument.