**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Christopher Adam Comer, Appellant.

Appellate Case No. 2023-000634

-----

Appeal From Bamberg County
Brooks P. Goldsmith, Circuit Court Judge

-----

Unpublished Opinion No. 2025-UP-236
Submitted June 1, 2025 – Filed July 16, 2025

-----

**AFFIRMED**

-----

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor John William Weeks, of Aiken, all for Respondent.

-----

**PER CURIAM:** Christopher Adam Comer appeals his conviction for first-degree burglary and sentence of twenty-three years' imprisonment. Comer argues the trial

court erred by denying his motion for a mistrial or alternatively, his motion to remove a seated juror. We affirm pursuant to Rule 220(b), SCACR.

We hold the issue of whether the trial court abused its discretion in denying Comer's motion for a mistrial is not preserved for appellate review because Comer abandoned his mistrial motion and the trial court did not rule on it. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

We further hold the trial court did not abuse its discretion in denying Comer's motion to remove the juror because Comer failed to demonstrate that the juror's brief and incidental observation of him exiting a marked county jail transport van resulted in bias. *See State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Bell*, 374 S.C. 136, 147, 646 S.E.2d 888, 894 (Ct. App. 2007) ("A decision on whether to dismiss a juror and replace her with an alternate is within the sound discretion of the trial court, and such decision will not be reversed on appeal absent an abuse of discretion."); *Washington v. Whitaker*, 317 S.C. 108, 118, 451 S.E.2d 894, 900 (1994) ("It is within the discretion of the trial court to determine whether bias results from a juror's reception of outside information concerning the case being tried."); *State v. Kelly*, 331 S.C. 132, 141-42, 502 S.E.2d 99, 104 (1998) ("Relevant factors to be considered in determining whether outside influences have affected the jury are the number of jurors exposed, the weight of the evidence properly before the jury, and the likelihood that curative measures were effective in reducing the prejudice."); *id.* at 142, 502 S.E.2d at 104 ("The trial [court] is in the best position to determine the credibility of the jurors; therefore, [appellate courts] should grant [trial courts] broad deference on this issue."); *State v. Moore*, 257 S.C. 147, 152-53, 184 S.E.2d 546, 549 (1971) ("We think that when a jury or members thereof see an accused outside the courtroom in chains or handcuffs the situation is psychologically different and less likely to create prejudice in the minds of the jurors." (quoting *State v. Cassel*, 180 N.W.2d 607, 611 (Wis. 1970))).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.