20241

The STATE, Respondent, v. John GIVENS, Appellant.

(225 S. E. (2d) 867)

*Ann M. Stirling, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., Perry M. Buckner, Staff Atty.,* of Columbia, and *Robert B. Wallace, Sol.,* and *Capers G. Barr, III, Asst. Sol.,* of Charleston, *for Respondent,*

June 11, 1976.

RHODES, Justice:

Appellant was convicted of attempted armed robbery and of assault and battery with intent to kill, and was sentenced to a total of twenty-five (25) years imprisonment. He contends the lower court erred in refusing his motion for a directed verdict of acquittal and for a new trial. We affirm.

Clifton Lowder, a 76 year old grocery store owner, was shot on the night of November 10, 1973, during an attempted armed robbery of his store by two black males wearing masks. The taller of the two robbers held a pistol on Lowder and his wife while the other attempted to get into the cash register. Resistance by Lowder aborted the robbery but apparently induced the armed robber to begin firing his pistol and Lowder was struck three times.

At the trial of the case, Rudolph Wilder, a 15 year old youth, testified that he and appellant attempted to rob Lowder's store on November 10, 1973; that appellant was armed and fired three shots which struck Lowder; that he had known appellant for two years; and that appellant had initiated the plan for the robbery and invited his participation. No witness other than Wilder was able to identify appellant as being involved in the attempted robbery.

Appellant first contends that the trial judge erred in his determination that Wilder was competent to testify. When Wilder was called to the stand, defense counsel moved to have the witness qualified. The judge excused the jury and the witness was questioned by the State and the trial judge in order to determine his competency as a witness. At the conclusion of this examination, the judge declared the witness competent to testify over the objection of defense counsel at which point the following appears in the record:

"Mr. Middleton: All right, sir. Well, I still have my objection and your overruling it.

"Judge Laney: Yes, sir, we'll note your objection in the record."

Defense counsel did not specifically reserve his objection before cross-examining Wilder and the State contends that this omission bars appellant from raising this issue on appeal. *State v. Quillien,* 263 S. C. 87, 207 S. E. (2d) 814 (1974). We are of the opinion that the statement of the trial judge could reasonably have lead defense counsel into the belief that his objection was being preserved, and therefore, we find no waiver of the objection.

The question of the competency of a child witness to testify at trial is largely a matter addressed to the sound discretion of the trial court. *Peyton v. Strickland,* 262 S. C. 210, 203 S. E. (2d) 388 (1974). The testimony reflects that Wilder attended school as far as the seventh grade; that he had a belief in God; and that he believed he would be punished if he did not tell the truth. An examination of Wilder's testimony reveals that he was substantially rational and responsive to the questions asked. We find no abuse of discretion.

Appellant next asserts error in submitting the issue of his guilt to the jury when there was no evidence corroborating Wilder's testimony. This Court held

in *State v. Brown,* 3 Strob. 508 (1844), that the testimony of an accomplice is altogether for the jury and, if believed, the jury may convict even when his testimony is not corroborated. This view has been confirmed in many subsequent cases. *State v. Green,* 48 S. C. 136, 26 S. E. 234 (1897) ; *State v. Sowell,* 85 S. C. 278, 67 S. E. 316 (1910) ; *State v. Whaley,* 113 S. C. 103, 101 S. E. 568 (1919) ; *State v. Johnson,* 156 S. C. 63, 152 S. E. 825 (1930) ; *State v. Fleming,* 228 S. C. 129, 89 S. E. (2d) 104 (1955) ; *State v. Hicks,* 257 S. C. 279, 185 S. E. (2d) 746 (1971). Appellant has been granted permission under the Rules of this Court to argue against the decisions in these cases. We decline, however, to modify or overrule these decisions.

Appellant contends that the evidence was insufficient to submit the issue of his guilt to the jury. A review of the evidence reveals this contention to be without merit. The trial court properly denied motions for acquittal on the ground of insufficient evidence.

Appelant excepted to the failure of the trial judge to charge the lesser included offense of assault and battery of a high and aggravated nature. This exception has not been argued in appellant's brief and is deemed abandoned. Rule 8 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.