2385

The STATE, Respondent v. Frank H. BLACK, Appellant.

(462 S.E. (2d) 311)

Court of Appeals

*John D. Rhea* and *Thomas A. McKinney, McKinney, Givens & Miller,* Rock Hill, *for appellant.*

*Assistant General Counsel Joseph H. Lumpkin, South Carolina Department of Public Safety,* Columbia, *for respondent.*

Submitted June 6, 1995.

Decided Aug. 7, 1995; Reh. Den. Sept. 20, 1995.

CURETON, Judge:

Frank H. Black appeals a circuit court order affirming his magistrate court conviction for speeding 84 miles per hour in a 55 mile per hour zone. We affirm.[1]

---

[1] Because oral arguments would not aid the court in resolving the issues, we decide this case without oral argument.

On May 25, 1993, Black was stopped by State Trooper J.S. Gilstrap of the South Carolina Highway Patrol while travelling north on Interstate 77 in York County. He was issued a traffic ticket charging him with violating S.C. Code Ann. § 56-5-1510 (1976) by speeding 84 MPH in 55 MPH zone. He requested a jury trial which was held on February 24, 1994 before Magistrate Ervin in the Fort Mill Township.

Prior to trial, Black's attorney made a motion to set aside the entire jury panel on the ground that the panel was chosen in violation of S.C. Code Ann. § 14-7-130 (Supp. 1994) requiring jurors to be drawn from a list of registered voters as well as from the names of individuals who reside in the specified jurisdiction, are elegible to vote, and have a valid South Carolina driver's license or identification card. Magistrate Ervin denied Black's motion to set aside the jury panel

At trial, Trooper Gilstrap acted as the prosecuting authority. He was also the State's only witness. Black was the only witness to testify on his behalf. After Trooper Gilstrap's closing argument to the jury, Black's attorney made a motion for a mistrial on the ground of presecutorial misconduct in that the trooper "testified" to matters in his jury summation that were not a part of the record. The motion for mistrial was denied by the magistrate. After deliberations, the jury found Black guilty and he was fined $270. Black's attorney then moved for a new trial on the basis of his prior motion for a mistrial as well as on the Court's denial of his pretrial motion to set aside the entire jury panel. This motion was also denied.

Black then appealed to the circuit court. In denying the appeal, the circuit court concluded the jury was not chosen in violation of South Carolina law and the statements made by the trooper did not constitute prosecutorial misconduct or affect the outcome of the case.

## I.

On appeal, Black first contends the disparity between the methods for choosing magistrate court juries and circuit court juries is violative of both the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution as well as the Due Process Clause of the Fifth Amendment of the United States Constitution and Arti-

cle I, Section 3 of the South Carolina Constitution.[2] In support of this contention Black maintains that the classification system whereby individuals whose cases fall within the purview of magistrate's court jurisdiction have a different jury pool than those individuals whose cases are heard in circuit court is purely arbitrary and void of legislative purpose. We disagree.

The jury list in this case was prepared by using the voter registration list from the Fort Mill Township pursuant to South Carolina Code Ann. § 22-2-50 (1989). This Code Section states in pertinent part:

> The State Election Commission shall annually provide the chief magistrate for administration of each county, at no cost, a precinct-by-precinct list of qualified electors residing within the county. The chief magistrate for administration of the county shall use such list in preparing, for each Jury Area, a list of the qualified electors therein and shall forward these lists to their respective magistrates.

S.C. Code Ann. § 14-7-130 (Supp. 1994) provides that jurors shall be chosen from a list which includes not only registered voters but also county residents holding a valid South Carolina driver's license or identification card. This section appears in the chapter dealing with jurors in circuit courts and it is clear the Legislature intended this procedure to be followed in the circuit court. The title to the Act which added the driver's license and identification section reads "[a]n act to amend Section 14-7-130, Code of Laws of South Carolina, 1976, relating to preparation of jury lists *in the circuit court*, so as to revise the procedures for jury selection by including otherwise eligible licensed drivers and identification cardholders. . . ." (Emphasis added.) Act No. 453, 1988 S.C. Acts 3962; *see also* 1989 Op. S.C. Atty. Gen., No. 89-139, at 378. This Attorney General Opinion further clarified the disparity between the methods of choosing magistrates and circuit court juries as follows:

---

[2] Although Black claims S.C. Code Ann. § 22-2-50 (1989) is violative of both equal protection and due process, he failed to sufficiently brief or analyze the due process argument. Rather, he argues the classification system established by § 22-2-50 does not satisfy the three essential requirements of equal protection and merely states, without argument, that the classification scheme is arbitrary and capricious and therefore violative of due process as well. Pursuant to Rule 207, SCACR, and exception to the trial court's ruling will be

The list of eligible jurors which the State Election Commission furnishes the chief magistrates should not include the names of persons holding state driver's licenses or identification cards who are not also registered voters; to be eligible to serve as a juror in a magistrate's court pursuant to Section 22-2-50 of the Code, an individual must be a registered voter.

*Id.* at 377.

All rules of statutory construction must yield to the principle that courts should endeavor to ascertain the real intention of the Legislature. *Horn v. Davis Elec. Constructors, Inc.*, 307 S.C. 559, 416 S.E. (2d) 634 (1992). In construing statutory language, the statute must be read as a whole and sections which are part of the same general statutory law must be construed together and each given effect, if it can be done by any reasonable construction. *Higgins v. State*, 307 S.C. 446, 415 S.E. (2d) 799 (1992); *see also The Lite House, Inc. v. J.C. Roy Co., Inc.*, 309 S.C. 50, 419 S.E. (2d) 817 (Ct. App. 1992) (statutes pertaining to the same subject matter must be harmonized if at all possible).

Black nevertheless contends that § 22-2-50, as it now stands, is unconstitutional because it allows magistrate courts of this state to systematically exclude an identifiable class of persons from jury service, i.e., those persons who hold state driver's licenses or identification cards but are not also registered voters.

To satisfy the essential requirements of equal protection, a legislative classification must: (1) bear some reasonable relation to the legislative purpose; (2) the members of the class must be treated alike under similar circumstances and conditions; and (3) the classification must rest on some reasonable basis. *Samson v. Greenville Hospital System*, 295 S.C. 359, 368 S.E. (2d) 665 (1988); *State ex rel Medlock v. S.C. Family Farm Dev. Auth.*, 279 S.C. 316, 306 S.E. (2d) 605 (1983).

---

deemed abandoned where the appellant fails to specifically argue it in his brief. *State v. Givens*, 267 S.C. 47, 225 S.E. (2d) 867 (1976); *Barr v. Barr*, 287 S.C. 13, 336 S.E. (2d) 481 (Ct. App. 1985). Moreover, a conclusory argument of an issue by appellant amounts to an abandonment of the issue. *Solomon v. City Realty Co.*, 262 S.C. 198, 203 S.E. (2d) 435 (1974); *Shields v. S.C. Dept. of Highways and Pub. Transp.*, 303 S.C. 439, 401 S.E. (2d) 185 (Ct. App. 1991).

■ After a complete review of the record, we find that § 22-2-50 satisifies the criteria outlined above and is not violative of equal protection. In reaching this conclusion, we rely on the reasoning of the memorandum of the South Carolina Court Administration dated May 5, 1992 which was submitted as part of the Return by the magistrate and adopted by reference by the circuit court judge. In pertinent part, it states:

> Selecting jurors solely from the list of registered voters does not systematically exclude an identifiable class of persons from the group from which juries are drawn such that it would constitute an equal protection violation. *Franklin v. South Carolina*, 218 U.S. 161, 30 S.Ct. 640, 54 L.Ed 980 (1910); *Moorer v. State*, 244 S.C. 102, 135 S.E. (2d) 713, *cert. denied*, 379 U.S. 860, 85 S.Ct. 119, 13 L.Ed. (2d) 63 (1964). . . . A legislative classification will satisfy equal protection if the classification bears some reasonable relation to the legislative purpose; the members of the class are treated alike under similar circumstances and conditions; and the classification rests on some reasonable basis. *Brown v. The County of Horry*, Op. No. 23633 [308 S.C. 180, 417 S.E. (2d) 565] (S.C. Sup. Ct. filed April 13 1992); *Samson v. Greenville Hospital System*, 295 S.C. 359, 368 S.E. (2d) 665 (1988).

There is a rational basis for the distinction made between jury lists in circuit and probate courts and jury lists in magistrate's and municipal courts. The jurors in magistrate's court must be residents of the precinct in which the magistrate sits.[3] S.C. Code Ann. § 22-2-50 (1989). Municipal court jurors must be city residents. S.C. Code Ann. § 14-25-125 (Supp. 1991). County residency is all that is required for service on the jury in circuit or probate court. S.C Code Ann. §§ 14-7-130 (Supp. 1991) and 62-1-306 (1987). The records of the Highway Department are sufficient to compile juror lists for those courts

---

[3] We note, however, that in the case of *State ex rel McLeod v. Crowe*, 272 S.C. 41, 249 S.E. (2d) 772 (1978) our Supreme Court concluded that Article V, Sections 1 and 23 of the South Carolina Constitution mandates jurisdiction of magistrates be uniform thoughout the State. In order to accomplish such uniformity, the court conferred countywide jurisdiction upon magistrates. Thus, while magistrates have territorial assignments, their jurisdiction is limited only by the bounds of the county lines.

because county residency is listed in the records. However the records do not contain the information needed for magistrate's and municipal courts, namely whether the person is a resident of the city or precinct in which the court is located. Therefore, no equal protection violation can be shown by the different methods used to compile the jury lists.

## II.

Black next contends the trial judge erred in not granting his motion for a mistrial on the grounds of prosecutorial misconduct. The alleged prosecutorial misconduct involves Trooper Gilstrap's summation to the jury. During closing argument, Trooper Gilstrap stated he was driving an unmarked car. However, during the trial, he did not testify as to the type of car he was driving. Black asserts this portion of the closing argument constitutes testimony as to a matter that was not a part of the record, and by making this comment in closing argument instead of while he was on the witness stand, Gilstrap denied Black his right to cross-examine him. Accordingly, Black argues, this comment was highly prejudicial and amounted to prosecutorial misconduct.

We first note that Black did not properly object and ask for a mistrial during Trooper Gilstrap's closing argument. Although he interrupted Trooper Gilstrap's argument by saying, "[y]our Honor, I am going to object and ask for a mistrial in this matter. . . . [Trooper Gilstrap] can finish but I will expain to the court later on if you want me to," he did not give a ground for his objection and motion for a mistrial at that time. Instead, he waited until after the charge and after the jury had retired to deliberate before stating the basis for his objection and motion for a mistrial.

It is a fundamental principle that a contemporaneous objection is required at trial to properly preserve an error for appellate review. *State v. Hoffman*, 312 S.C. 386, 440 S.E. (2d) 869 (1994); *see also White v. Wilbanks*, 298 S.C. 225, 379 S.E. (2d) 298 (Ct. App. 1989). The proper course to be pursued when counsel makes an improper argument is for opposing counsel to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon. *Varnadore v. Nationwide Mut. Ins. Co.*, 289 S.C. 155, 345 S.E. (2d) 711 (1986). Failure to object

when the evidence is offered constitutes a waiver of right to object. *Cogdill v. Watson*, 289 S.C. 531, 347 S.E. (2d) 126 (Ct. App. 1986). An issue which is not properly preserved cannot be raised for the first time on appeal. *Hoffman*, 312 S.C. 386, 440 S.E. (2d) 869; *State v. Vanderbilt*, 287 S.C. 597, 340 S.E. (2d) 543 (1986). Accordingly, Black's objection was not timely and this issue is not available for appellate review.

Even if we entertained this argument, however, ■ Trooper Gilstrap's alleged transgression affords no basis for reversal of Black's conviction. In *State v. Durden*, 264 S.C. 86, 212 S.E. (2d) 587 (1975), our Supreme Court held that the test for granting a new trial for alleged improper closing argument of counsel is whether the defendant was prejudiced to the extent that he was denied a fair trial. We hold Black was not prejudiced by this comment. We further concur in the circuit court's finding that there was sufficient evidence to support the decision of the jury, and any statements made by the officer did not go to the merits of the case. Contrary to Black's assertion that "the issue of whether or not [he] saw Trooper Gilstrap's car prior to a certain point in time was crucial to the case," we conclude whether or not the trooper was driving a marked or unmarked car has little, if any, probative value as to the material elements of the crime in which Black was charged. Rather, the material issue in this case was whether or not Black was speeding. Viewed in this context, Trooper Gilstrap's comment that he was driving an unmarked car was not so prejudicial as to deny Black a fair trial. Therefore, the circuit court's decision not to overturn the magistrate's conviction on this basis is correct.

Affirmed.

SHAW and CONNOR, JJ., concur.