THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Norwood, Allen Jefferson       
Appellant.
 
 
 

Appeal From Anderson County
J. C. Buddy Nicholson, Jr., Circuit 
 Court Judge

Unpublished Opinion No. 2004-UP-014
Submitted January 12, 2004  Filed January 
 15, 2004 

AFFIRMED

 
 
 
Jeffrey Falkner Wilkes, and Richard Harold Warder, both of 
 Greenville, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, 
 Office of the Attorney General, of Columbia, and Solicitor Druanne Dykes White, 
 of Anderson, for Respondent.
 
 
 

PER CURIAM:  Norwood appeals from his convictions 
 for murder and possession of a firearm during the commission of a violent crime, 
 arguing the States reference to a prior bad act in a portion of its questioning 
 and closing argument was improper.
FACTS         
During Norwoods trial for murder and possession 
 of a firearm in connection with the May 27, 2001 murder of Carl Anthony Armstrong, 
 the State informed the court it had knowledge of a prior incident involving 
 Norwood and the victim in which Norwood attempted to shoot the victim.  In response, 
 the court instructed the State it could attack Norwoods character on rebuttal 
 if the defense brought in the character issue.  The defense did not introduce 
 the character issue; however, the State referred to the prior incident during 
 its cross-examination of Norwood and his wife, as well as during its closing 
 argument.  Although Norwood now argues the States reference to the prior incident 
 was improper under Rule 404(a), SCRE (stating evidence of a persons character 
 or trait of character is not admissible for the purpose of proving action in 
 conformity therewith on a particular occasion), Norwoods counsel never objected 
 to this line of questioning at trial, nor did counsel object to the closing 
 argument statements referencing the prior bad act.  Norwood raises this issue 
 for the first time on appeal.
LAW/ANALYSIS
We affirm pursuant to 
 Rule 220(b)(2), SCACR, and the following authorities:
As to the failure to object to the prior 
 bad act evidence: see State v. Torrence, 305 S.C. 45, 69, 406 
 S.E.2d 315, 328 (1991) (holding a contemporaneous objection is required at trial 
 to preserve an error for appellate review); State v. Hoffman, 312 S.C. 
 386, 393, 440 S.E.2d 869, 873 (1994) (noting an issue which is not properly 
 preserved cannot be raised for the first time on appeal); Wilder Corp. v. 
 Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating an issue cannot 
 be raised for the first time on appeal, but must have been raised to and ruled 
 upon by the trial judge to be preserved for appellate review); State v. Black, 
 319 S.C. 515, 522-23, 462 S.E.2d 311, 315 (Ct. App. 1995) (determining a failure 
 to object when the evidence is offered constitutes a waiver of the right to 
 object).
 AFFIRMED.
GOOLSBY and ANDERSON, JJ., and CURETON, A.J., 
 concur.