721 S.E.2d 465

**The STATE, Respondent,**

v.

**Gerald FRIPP, Appellant.**

**No. 4928.**

Court of Appeals of South Carolina.

Heard Nov. 2, 2011.

Decided Jan. 18, 2012.

Appellate Defender Dayne C. Phillips and Appellate Defender M. Celia Robinson, both of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Beaufort, for Respondent.

KONDUROS, J.

Gerald Fripp appeals his conviction for second-degree burglary alleging the trial court erred in (1) allowing lay witnesses to testify that, in their opinion, Fripp was the suspect seen on surveillance videotape; (2) allowing hearsay testimony regarding a police officer's observation about Fripp's clothing the day after the burglary; (3) admitting Fripp's statement to police without determining whether it was knowingly and voluntarily given; (4) admitting evidence of two of Fripp's prior burglary convictions; and (5) refusing to strike a juror

for cause when the juror had been the victim of a robbery that was still under investigation at the time of trial. We affirm.

## FACTS

The Callawassie General Store, a convenience store, (the Store) in Beaufort County was burglarized around 4:00 a.m. on July 10, 2004. An alarm was tripped causing police to respond to the scene and the burglar's image was captured on the Store's surveillance tape. Employees of the Store indicated Fripp, who was staying in a car on a property near the Store, might be a suspect. Fripp eventually contacted police for a meeting. Officer Kelly Heany and Officer Christopher Madson met Fripp at an area business, where Officer Madson read Fripp his *Miranda*[1] rights. Fripp then rode with Officer Madson to the jail where he gave a statement to Officer Heany indicating he had not committed the robbery but heard the alarm and walked to the Store to see what happened. Officer Heany indicated Fripp might be on the surveillance video, and Fripp stated the camera could have recorded him when he looked in the doorway of the Store.

Fripp was indicted for second-degree burglary. Prior to trial, during jury voir dire, Juror # 166 (the Juror) indicated he had been the victim of a robbery that was still under investigation. Upon questioning by the trial court, the Juror indicated he could be fair and impartial. Fripp asked that the Juror be stricken for cause, but the trial court denied this request. Fripp therefore used one of his ten peremptory strikes on the Juror.

During pre-trial motions, Fripp moved to prohibit the State from presenting evidence of Fripp's prior burglary convictions to establish second-degree burglary because Fripp would stipulate the crime in question occurred in the nighttime. The trial court denied Fripp's motion in limine, but limited the evidence of prior burglaries to two.

At trial, the State presented Patricia Brown and Edwina Young, a Store manager and Store employee respectively. Brown testified she reviewed the videotape and, in her opin-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ion, the suspect depicted on the tape was Fripp. She testified that in the tape he was wearing "a jacket pulled up over his head, a blue shirt—a blue shirt I always see him with it on, and I guess it was a[sic] dark pants." Brown stated she knew Fripp "very well" and "saw him all the time." Young also testified that Fripp was the man on the videotape, although when initially questioned about the suspect's identity at the time of the robbery, she could not make an identification. Young further testified the burglar was wearing the same clothes in the videotape as Fripp had worn when she saw him the previous day. She indicated she knew Fripp because she lived in the area and knew him through his family.

Officer Heany testified as to Fripp's statement over Fripp's objection that the State failed to establish the statement was knowingly and voluntarily given. On cross-examination Fripp asked Officer Heany if Officer Zarkman, another officer involved with the case, told her he saw Fripp the day after the burglary. On re-direct the State asked Officer Heany what Officer Zarkman said Fripp was wearing that day and she responded: "He told me he—Mr. Fripp was wearing the same clothes as the individual he observed on the tape at the store." Fripp objected, but the trial court overruled the objection on the grounds that Fripp had opened the door to this testimony on cross-examination.

The jury found Fripp guilty of second-degree burglary, and the trial court sentenced him to fifteen years' incarceration, provided that upon service of ten years and payment of costs and assessments, the balance was suspended with five years' probation to follow. This appeal followed.

## LAW/ANALYSIS

■ Fripp argues the trial court erred in permitting Brown and Young to testify that Fripp was the person depicted on the surveillance videotape. We disagree.

"The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice." *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847–48 (2006).

Rule 701 of the South Carolina Rules of Evidence explains when lay witness testimony is admissible.

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.

Rule 701, SCRE; *State v. Williams*, 321 S.C. 455, 463, 469 S.E.2d 49, 54 (1996). "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Rule 704, SCRE.

We find the record demonstrates the criteria set forth in Rule 701 are met. First, Brown's and Young's testimonies were based on their perceptions of Fripp, not only on the videotape, but during the time they had known and observed him in the Store. Brown indicated she knew Fripp "very well" and "saw him all the time" and he came into the Store frequently-"once a day. Sometimes twice a day." She further testified the videotape contained a "good shot of his face" "on one of the angles on the tape." In her statement to police, Young testified she had worked at the Store for several years and also knew Fripp through his family. Therefore, the witnesses' testimonies were rationally based on their perceptions of Fripp's appearance including his physical appearance, mannerisms, and clothing.

Secondly, Brown's and Young's opinions were helpful in determining a key fact in issue—whether Fripp was the person depicted on the videotape. Federal authority construing the identical element in Rule 701 of the Federal Rules of Evidence is instructive.[2] In *United States v. Allen*, 787 F.2d 933 (4th Cir.1986) *vacated on other grounds*, 479 U.S. 1077,

---

2. Rule 701 of the Federal Rules of Evidence states: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

107 S.Ct. 1271, 94 L.Ed.2d 132 (1987) the court permitted identification testimony by witnesses based on surveillance photographs. The court stated:

> We believe . . . testimony by those who knew defendants over a period of time and in a variety of circumstances offers to the jury a perspective it could not acquire in its limited exposure to defendants. Human features develop in the mind's eye over time. These witnesses had interacted with defendants in a way the jury could not, and in natural settings that gave them a greater appreciation of defendants' normal appearance. Thus, their testimony provided the jury with the opinion of those whose exposure was not limited to three days in a sterile courtroom setting.

> This fuller perspective is especially helpful where, as here, the photographs used for identification are less than clear.

*Id.* at 936.

In *United States v. Robinson,* 804 F.2d 280 (4th Cir.1986), the court concluded the defendant's brother's identification testimony, based on surveillance photographs, was admissible under Federal Rule 701 as it would aid the jury in determining a key fact in issue.

> Sylvester Robinson was an individual who could testify under this rule as a lay witness. His testimony was based upon his perceptions from viewing the photographs and from his perceptions of and close association with his brother over the years. Although the defendant's appearance may not have physically changed from the time of the bank surveillance photograph until the time of trial, the individual in the photograph was wearing a hat and dark glasses, and the testimony of Sylvester Robinson could be helpful to the jury on the issue of fact of whether the appellant was the person shown in the bank surveillance photographs. A lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury. *U.S. v. Farnsworth,* 729 F.2d 1158, 1160 (8th Cir.1984). Sylvester Robinson certainly qualified as a per-

son more likely to correctly identify the individual shown in the photograph.

*Id.* at 282.

In this case, the surveillance video was not crystal clear and the perpetrator sought, in some measure, to obscure his identity by wearing the hood of his jacket up. While the jury, having observed Fripp for a relatively brief period of time in the courtroom setting, may have believed Fripp was the person on the videotape, Brown's and Young's testimonies, based on their perceptions of him over time, aided the jury in making an ultimate determination as to the burglar's identity.

■■ Finally, the identification of a familiar person does not require any specialized knowledge, skill, experience, or training as contemplated by subpart (3) of Rule 701. Consequently, we affirm the trial court's admission of Brown's and Young's identification testimonies.

■■ We conclude Fripp's remaining arguments are without merit. In his appellate brief, Fripp does not dispute the correctness of the trial court's ruling that he opened the door to Officer Heany's hearsay testimony. Therefore, that ruling is the law of the case. *See Burton v. Cnty. of Abbeville,* 312 S.C. 359, 363, 440 S.E.2d 396, 398 (Ct.App.1994) (stating the appellant's failure to challenge the trial court's ruling in the appellate brief renders the unchallenged ruling the law of the case). As to Fripp's claim the State failed to establish his statement to police was knowingly and voluntarily given, the evidence in the record establishes Fripp turned himself in to police and was advised of his *Miranda* rights. The fact that he was not advised a second time of his *Miranda* rights upon questioning at the detention center does not, under the facts of this case, negate his knowledge of his rights or the voluntariness of his statement. *See State v. Simmons,* 384 S.C. 145, 165 n. 6, 682 S.E.2d 19, 29 n. 6 (Ct.App.2009) (holding a lapse of approximately four hours between the initial *Miranda* warnings and the defendant's subsequent incriminatory statement was not too attenuated to require a second rendering of *Miranda* rights). With respect to the admission of two prior burglary convictions, case law is clear that the State may introduce such evidence as it is an element of second-degree burglary. *See State v. Cheatham,* 349 S.C. 101, 110, 561 S.E.2d 618, 623 (Ct.App.2002) (finding "no merit to [the defen-

dant]'s assertion that because he was willing to stipulate to the 'nighttime' element of first[-]degree burglary, the State should have been limited to proving only the 'nighttime' element and it was unnecessary for the State to present any evidence of the 'two or more convictions of burglary or housebreaking' element.").  Finally, as to the trial court's decision not to disqualify the Juror, the record demonstrates Fripp failed to utilize all of his peremptory strikes and the Juror affirmed, upon questioning by the trial court, that he could be fair and impartial in the case.  Consequently, we find no abuse of discretion in the trial court's decision not to remove the Juror for cause. *See State v. Simpson*, 325 S.C. 37, 41, 479 S.E.2d 57, 59 (1996) ("A juror's competence is within the trial judge's discretion and is not reviewable on appeal unless wholly unsupported by the evidence.").

## CONCLUSION

We conclude the trial court did not abuse its discretion in admitting Brown's and Young's identification testimonies, Fripp's statement, or evidence of two of Fripp's prior burglary convictions.  Furthermore, the trial court did not err in refusing to strike the Juror for cause and the trial court's ruling that Fripp opened the door to Officer Heany's hearsay testimony is the law of the case.  Based on all of the foregoing, the trial court is

**AFFIRMED.**

FEW, C.J., and THOMAS, J., concur.