**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jerry Scantling, Appellant.

Appellate Case No. 2013-000488

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2015-UP-363
Submitted May 1, 2015 – Filed July 15, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Alphonso Simon, Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:**  Jerry Scantling appeals his convictions for murder, armed robbery, possession of a weapon during the commission of a violent crime, and possession of a stolen vehicle, arguing the trial court erred in refusing to grant a mistrial when (1) the solicitor commented on his post-arrest silence and (2) a prosecution witness referenced an inadmissible burglary charge.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issue 1:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Black*, 319 S.C. 515, 521, 462 S.E.2d 311, 315 (Ct. App. 1995) ("It is a fundamental principle that a contemporaneous objection is required at trial to properly preserve an error for appellate review."); *id.* ("The proper course to be pursued when counsel makes an improper argument is for opposing counsel to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon."); *id.* at 521-22, 462 S.E.2d at 315 ("Failure to object when the evidence is offered constitutes a waiver of right to object."); *State v. Lynn*, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981) ("Failure to contemporaneously object to the question now advanced as prejudicial cannot be later bootstrapped by a motion for a mistrial.").

2.  As to Issue 2:  *State v. Thompson*, 352 S.C. 552, 560, 575 S.E.2d 77, 82 (Ct. App. 2003) ("The decision to grant or deny a mistrial is within the sound discretion of the trial [court]."); *id.* ("The court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* at 560-61, 575 S.E.2d at 82 ("A mistrial should only be granted when 'absolutely necessary,' and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *id.* at 561, 575 S.E.2d at 82 ("[A] vague reference to a defendant's prior criminal record is not sufficient to justify a mistrial where there is no attempt by the State to introduce evidence that the accused has been convicted of other crimes."); *State v. Manning*, 400 S.C. 257, 269-70, 734 S.E.2d 314, 320 (Ct. App. 2012) (holding a single reference to a severed charge did not constitute sufficient prejudice to warrant a mistrial).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**