**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ahmad Jamal Wilkins, Appellant.

Appellate Case No. 2012-212387

———————————

Appeal From Richland County
Clifton Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-365
Heard May 6, 2015 – Filed July 22, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter III, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:** Ahmad Jamal Wilkins appeals his conviction for murder, arguing the circuit court erred in (1) allowing Patruan Hare to testify regarding Wilkins's alleged admission to choking the victim, (2) refusing to allow Wilkins to present the testimony of two witnesses in his case-in-chief to challenge the integrity of the police investigation, (3) not allowing Wilkins to present surrebuttal testimony to allegedly new matter brought out in the State's reply, and (4) denying Wilkins's motion for a mistrial on the ground that the State suppressed evidence. We affirm.

1. Wilkins contends the circuit court erred in allowing Hare to testify regarding Wilkins's alleged admission to choking the victim. According to Wilkins, this testimony qualified as prior bad act evidence under Rule 404(b), SCRE, and was not admissible under any of that rule's exceptions. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). Despite Hare's testimony that Wilkins admitted to choking the victim but claimed it was not on the night of the victim's death, the record is clear Hare's testimony pertained to the murder of the victim and was not prior bad act evidence. *See Anderson v. State*, 354 S.C. 431, 435, 581 S.E.2d 834, 836 (2003) (holding because a threatening statement made by the accused was not a prior bad act, the bar against admitting prior bad acts was not applicable); *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion."). Furthermore, the admission of Hare's testimony was not prohibited by Rule 403, SCRE. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). The testimony identified Wilkins as the murderer and supplied a motive for the crime, and the State did not introduce the testimony to show Wilkins had a propensity for that type of crime. *See State v. Dickerson*, 341 S.C. 391, 400, 535 S.E.2d 119, 123 (2000) (finding the danger of unfair prejudice did not substantially outweigh the probative value of the evidence because the State did not introduce the evidence to show the defendant had a propensity for that type of crime); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("We review a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment.").

2. Wilkins alleges the circuit court erred in refusing to allow him to present the testimony of Sierra Austin and Dawn Davis Young in his case-in-chief to challenge the integrity of the police investigation. The circuit court excluded the testimony of these two witnesses on the basis that their testimonies were

inadmissible hearsay, and Wilkins failed to challenge that ruling in his appellate briefs. Consequently, the circuit court's ruling on this issue is the law of the case and cannot be considered by this court. *See State v. Black*, 400 S.C. 10, 28, 732 S.E.2d 880, 890 (2012) (holding an unchallenged ruling, right or wrong, becomes the law of the case and will not be considered by the appellate court); *State v. Fripp*, 396 S.C. 434, 441, 721 S.E.2d 465, 468 (Ct. App. 2012) (stating the appellant's failure to challenge the trial court's ruling in the appellate brief renders the unchallenged ruling the law of the case); *State v. Black*, 319 S.C. 515, 518 n.2, 462 S.E.2d 311, 313 n.2 (Ct. App. 1995) ("[A]n exception to the trial court's ruling will be deemed abandoned where the appellant fails to specifically argue it in his brief."). Moreover, while Wilkins contends Austin and Young's testimony would have demonstrated the police's failure to adequately follow up on another lead, both witnesses admitted they never informed the police about their conversations with the victim. Therefore, Wilkins was not prejudiced by the exclusion of this evidence. *See State v. White*, 372 S.C. 364, 373, 642 S.E.2d 607, 611 (Ct. App. 2007) ("To warrant reversal based on the admission or exclusion of evidence, the complaining party must prove both the error of the ruling and the resulting prejudice.").

3. Wilkins argues the circuit court erred in not allowing him to present surrebuttal testimony to allegedly new matter brought out in the State's reply. The circuit court had previously ruled this testimony was inadmissible hearsay, and Wilkins failed to challenge that ruling in his appellate briefs. The circuit court's ruling on this issue is therefore the law of the case and will not be considered by this court. *See Black*, 400 S.C. at 28, 732 S.E.2d at 890 (holding an unchallenged ruling, right or wrong, becomes the law of the case and will not be considered by the appellate court); *Fripp*, 396 S.C. at 441, 721 S.E.2d at 468 (stating the appellant's failure to challenge the trial court's ruling in the appellate brief renders the unchallenged ruling the law of the case); *Black*, 319 S.C. at 518 n.2, 462 S.E.2d at 313 n.2 ("[A]n exception to the trial court's ruling will be deemed abandoned where the appellant fails to specifically argue it in his brief.").

4. Wilkins asserts the circuit court erred in denying his motion for a mistrial on the ground the State suppressed evidence. However, Officer Melron Kelly testified he self-reported to internal affairs the rumor of his involvement in the victim's death; thus, the evidence at issue was actually presented to the jury. Hence, Wilkins has failed to demonstrate the allegedly suppressed evidence was material to his guilt or punishment. *See Gibson v. State*, 334 S.C. 515, 524, 514 S.E.2d 320, 324 (1999)

("A *Brady*[1] claim is based upon the requirement of due process.  Such a claim is complete if the accused can demonstrate (1) the evidence was favorable to the accused, (2) it was in the possession of or known to the prosecution, (3) it was suppressed by the prosecution, and (4) it was material to guilt or punishment." (footnote omitted)); *State v. Kennerly*, 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) ("[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." (alteration by court) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)) (internal quotation marks omitted)).  As to Wilkins's contention the suppressed evidence should have been disclosed prior to trial to allow him to conduct additional investigation, that argument was first asserted at the hearing on the motion for a new trial and is thus unpreserved.  *See State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) (noting in order to preserve an issue for appellate review, a defendant must object on that ground at his first opportunity); *State v. Geer*, 391 S.C. 179, 193, 705 S.E.2d 441, 448 (Ct. App. 2010) (stating an issue may not be raised for the first time in a post-trial motion); *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (noting an argument must be raised to the trial court in a timely manner to preserve it for appellate review).

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).