**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jacob Michael Hendricks, Appellant.

Appellate Case No. 2016-001652

Appeal From Pickens County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2019-UP-079
Heard November 7, 2018 – Filed February 13, 2019

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Jacob Hendricks appeals his conviction of first-degree criminal sexual conduct with a minor, for which he was sentenced to twenty-five years'

imprisonment.  Hendricks argues the circuit court erred by failing to instruct the jury that his prior criminal record could be considered only for impeachment and not as proof that he committed the crime alleged in this case.  We affirm.

## FACTS

Prior to the events of this case, Hendricks began dating Kristy Young and the two moved in together, along with Young's minor daughter (Minor).  After moving in together, Hendricks and Young had two sons.  In May 2012, Hendricks took Minor and his two sons on a camping trip with his family.  While on the camping trip, Minor claimed that Hendricks entered her tent and sexually assaulted her.  Hendricks was ultimately indicted for first-degree criminal sexual conduct with a minor on April 14, 2015.

At trial, the court apprised Hendricks of his right to testify in his own defense or to remain silent.  The State notified the court that Hendricks had two prior burglary convictions and two grand larceny convictions.  The court explained to Hendricks that either attorney could question him about his prior convictions if he chose to testify.  Hendricks ultimately took the stand and, anticipating impeachment, defense counsel quickly elicited Hendricks' prior convictions.  The State also questioned Hendricks about the convictions on cross-examination.  After Hendricks' testimony, the defense presented several additional witnesses before resting.

At the charge conference, the court distributed copies of the jury instructions.  The court asked if there were any specific requests to add or change what was in the charge sheet, and defense counsel replied, "No.  Nothing, Your Honor."  In its closing statement, the State made the following argument:

> Let's talk about the fact that he's had a prior record.  He's had two grand larcenies, two burglaries.  So if he's willing to break in somewhere, take something that's over $2,000—that's the definition of grand larceny.  It's got to be over two grand.  Then why in the world would he feel the need to tell the truth today if he's willing to do those things?  Now, I submit to you that he is not credible.  He is not a credible person, and he is not to be believed.

Defense counsel made no objections at that time.  After the State's closing argument, the court charged the jury on the law.  The court's jury charge did not include any instruction concerning the limited use of Hendricks' prior convictions.

After charging the jury, the court asked if there were any objections or exceptions to the charge.  At this point, defense counsel objected to several statements the State made in closing argument, including references to Hendricks' prior convictions for burglary and grand larceny, and requested a curative instruction on the use of Hendricks' prior crimes.  Defense counsel made the following argument:

> Your Honor, one issue I'd like to present to the [c]ourt and ask probably in the form of an objection and then a curative charge.  During the closing argument, the solicitor made a statement first about the Defendant's prior record, which I think she would be entitled to, but I believe I understood her to say that that evidence and prior record could be proof of this crime.  I believe she said something to that effect if he would commit a burglary and a grand larceny, something to the effect, well he certainly would do this.  We presented his record.  That was legitimate.  His record was in the record, which I think had to be.  But only for the issue of credibility, not for—and it cannot be used for proof of this crime.  I would request a curative charge to the jury that his record is, in no way, to be considered as proof of his crime or this offense.

The court overruled the objection as untimely and denied the requested instruction.  Hendricks was ultimately convicted of first-degree criminal sexual conduct with a minor and sentenced to twenty-five years in prison.  This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err by failing to instruct the jury that evidence of Hendricks' prior crimes could be considered only for impeachment?

## STANDARD OF REVIEW

"In criminal cases, the appellate court sits to review errors of law only." *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009).  "The evidence

presented at trial determines the law to be charged to the jury." *State v. Gilliland*, 402 S.C. 389, 400, 741 S.E.2d 521, 527 (Ct. App. 2012). "The refusal to grant a requested jury charge that states a sound principle of law applicable to the case at hand is an error of law." *State v. Pittman*, 373 S.C. 527, 570, 647 S.E.2d 144, 167 (2007). However, "[t]o warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant." *State v. Brandt*, 393 S.C. 526, 550, 713 S.E.2d 591, 603 (2011).

## LAW/ANALYSIS

At trial, Hendricks specifically, though untimely, objected to the State's reference to his criminal record in its closing argument and requested a curative instruction indicating that such evidence could be considered only for impeachment. Hendricks argues the circuit court erred in denying his request. The State argues this issue is not preserved for review. We agree with the State.

A contemporaneous objection is required to preserve issues for appellate review. *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005). Ordinarily, if an appellant fails to object the first time a statement is made, he waives his right to raise the issue on appeal. *See State v. Black*, 319 S.C. 515, 521, 462 S.E.2d 311, 315 (Ct. App. 1995) ("The proper course to be pursued when counsel makes an improper argument is for opposing counsel to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon."); *id*. at 521–22, 462 S.E.2d at 315 ("Failure to object when the evidence is offered constitutes a waiver of right to object."). As such, the failure to make an objection to comments made during opening and closing arguments precludes appellate review of the issue. *See State v. Walker*, 366 S.C. 643, 660, 623 S.E.2d 122, 131 (Ct. App. 2005) ("Failure to object to comments made during [closing] argument precludes appellate review of the issue.").

As previously stated, the State referenced Hendricks' prior record in its closing argument. Specifically, the State questioned whether someone willing to commit burglary and grand larceny would feel the need to tell the truth, ultimately indicating that Hendricks "[was] not to be believed." Defense counsel made no objections at that time. After the jury had been charged, defense counsel then informed the court that he took issue with the State's closing argument and wanted to note his objection and request a curative charge.

The court agreed that defense counsel's characterization of the State's closing would amount to improper argument, but overruled the objection as untimely.

Additionally, the court indicated that it could not give a curative instruction "because of the timeliness of the objection, not the validity of it," and denied Hendricks' requested instruction.

We find that by failing to contemporaneously object to the State's closing argument, Hendricks waived his right to object or request a curative charge. *See Black*, 319 S.C. at 521–22, 462 S.E.2d at 315 ("Failure to object when the evidence is offered constitutes a waiver of right to object."). Accordingly, any error in failing to charge the jury was not preserved for appellate review.

Furthermore, Hendricks has purportedly argued that his objection should also be construed as an objection to the circuit court's failure to charge the jury on the limited purpose of his prior criminal record. We disagree.

At trial, Hendricks specifically objected to the State's closing argument and made no reference to the circuit court's jury charge. Hendricks based his objection on the argument that the State's allegedly improper reference to his prior record was an error that required a curative instruction. Hendricks now seeks to argue that the circuit court's jury charge was defective because it did not contain a limiting instruction concerning his prior crimes. However, "[a] party may not argue one ground at trial and an alternate ground on appeal." *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003); *see also, e.g.*, *State v. Stone*, 376 S.C. 32, 35–36, 655 S.E.2d 487, 488–89 (2007) (finding the issue unpreserved where appellant argued the relevance of testimony at trial but the effect of the testimony on appeal). Accordingly, because Hendricks did not object to the circuit court's jury charge at trial, this argument is not preserved for appellate review.

## CONCLUSION

Based on the foregoing, we find the failure to grant Hendricks' requested instruction was not preserved for appellate review. Accordingly, the judgment of the circuit court is

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**