**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dossie Faison, Jr., Appellant.

Appellate Case No. 2016-001633

———————

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-125
Submitted March 1, 2019 – Filed April 3, 2019

———————

**AFFIRMED**

———————

Fletcher N. Smith, Jr., of Law Firm of Fletcher N. Smith, Jr., LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Dossie Faison, Jr. appeals his conviction of indecent exposure. He argues the trial court erred by (1) ordering him to register as a sex offender, (2) denying his motion for a new trial because the victim's assertion lacked sufficient

corroboration to warrant his conviction, and (3) refusing to quash his indictment on the grounds that the statute under which he was indicted is void for vagueness and he was subjected to double jeopardy. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by ordering Faison to register as a sex offender: *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous."); S.C. Code Ann. § 23-3-430(C)(14) (2007 & Supp. 2018) ("[A] person . . . who has been convicted . . . of indecent exposure . . . is required to register . . . if the [trial] court makes a specific finding on the record that based on the circumstances of the case the convicted person should register as a sex offender."); *Wiesart v. Stewart*, 379 S.C. 300, 303, 665 S.E.2d 187, 188 (Ct. App. 2008) (noting section 23-3-430 requires the trial court to "make a specific finding on the record regarding whether a person convicted of indecent exposure should register as a sex offender"); S.C. Code Ann. §§ 23-3-400 to -555 (2007 & Supp. 2018) (establishing the Sex Offender Registry).

2. As to whether the trial court erred by failing to quash the indictment based on double jeopardy: *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Prioleau*, 345 S.C. 404, 411-12, 548 S.E.2d 213, 216-17 (2001) (holding an issue was not preserved for appellate review when the appellant's argument to the trial court was based on a different theory than that raised on appeal).

3. As to Faison's remaining arguments: *State v. Black*, 319 S.C. 515, 518 n.2, 462 S.E.2d 311, 313 n.2 (Ct. App. 1995) ("[A] conclusory argument of an issue . . . amounts to an abandonment of the issue."); *Porter*, 389 S.C. at 35, 698 S.E.2d at 241 ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *id.* (holding an issue unpreserved when the appellant failed to cite any supporting authority); *State v. Howard*, 384 S.C. 212, 218, 682 S.E.2d 42, 45 (Ct. App. 2009) (finding an issue abandoned when the appellant "failed to cite any authority in support of his assertion that the trial court erred in denying his motion for a

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

mistrial"); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (deeming an issue abandoned when the appellant failed to provide arguments or supporting authority for his assertion).

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**