**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Markese East, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-000557

———————————

Appeal From Aiken County
Robert J. Bonds, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-379
Submitted October 1, 2024 – Filed November 6, 2024

———————————

**AFFIRMED**

———————————

Appellate Defender Jessica M. Saxon, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

———————————

**PER CURIAM:**  Petitioner seeks a writ of certiorari from an order of the circuit court denying his application for post-conviction relief (PCR) but finding he was entitled to a belated review of his direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986). We deny certiorari on Petitioner's Question 2.

On appeal, Petitioner argues the trial court erred by denying his request for a mistrial following his objection to the State's closing arguments because the comments (1) went beyond the facts and reasonable inferences from the facts, (2) implied defense counsel was making up facts, (3) impermissibly shifted the burden to Petitioner, and (4) improperly appealed to the jury's passions. We affirm pursuant to Rule 220(b), SCACR.

We hold this issue is not preserved for appellate review because Petitioner did not contemporaneously object to the State's arguments and only raised the issue after the State finished and the jury recessed for a break. *See Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (holding a contemporaneous objection is required to preserve issues for appellate review); *State v. Black*, 319 S.C. 515, 521, 462 S.E.2d 311, 315 (Ct. App. 1995) ("The proper course to be pursued when counsel makes an improper argument is for opposing counsel to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon."). Furthermore, the State's comments did not constitute the abuse of a party or witness. *See In re McCracken*, 346 S.C. 87, 93, 551 S.E.2d 235, 238-39 (2001) ("The failure to make a contemporaneous objection can be excused only when the challenged argument constitutes abuse of a party or witness."); *State v. Bennett*, 369 S.C. 219, 231, 632 S.E.2d 281, 288 (2006) ("Under certain circumstances, this [c]ourt will grant a new trial despite the aggrieved party's failure to contemporaneously object to the argument if the prejudice caused by the argument is clear."); *id.* ("The arguments must be viewed in the context of the entire record, and the relevant question is whether the comments infected the trial with unfairness so as to make the resulting conviction a denial of due process.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.