**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shakoya Alexis Darby, Appellant.

Appellate Case No. 2022-001127

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-370
Submitted October 23, 2025 – Filed November 5, 2025

———————

**AFFIRMED**

———————

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Joshua Abraham Edwards, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

———————

**PER CURIAM:** Shakoya Alexis Darby appeals her conviction and forty-year sentence for homicide by child abuse. On appeal, Darby argues the trial court

erred by denying her motions for a mistrial after it sustained her objections to (1) the solicitor's assertion during their closing that "the defense wants to say [the government] want[s] to put smoke and mirrors up"; and (2) the State's forensic pathologist's mention "of an alleged asphyxia type event" made during his testimony which referenced additional information which was not timely provided to the defense. We affirm pursuant to Rule 220(b), SCACR.

1. We hold this issue is not preserved for appellate review because Darby failed to contemporaneously move for a mistrial following the trial court's curative instruction for the jury to disregard the solicitor's "smoke and mirrors" comment. *See State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911-912 (1996) ("If the trial judge sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured."); *State v. Patterson*, 337 S.C. 215, 226, 522 S.E.2d 845, 850 (Ct. App. 1999) ("Because a trial court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient *or* move for a mistrial to preserve an issue for review."); *Washington v. State*, 440 S.C. 550, 573, 891 S.E.2d 668, 680 (Ct. App. 2023) (concluding trial counsel failed to contemporaneously move for a mistrial because he did not do so until after the solicitor finished her closing argument and the trial court dismissed the jury for a brief recess); *State v. Black*, 319 S.C. 515, 521-22, 462 S.E.2d 311, 315 (Ct. App. 1995) (holding a defendant failed to contemporaneously object to the State's closing argument because although counsel objected and moved for a mistrial during the argument, he waited until after the court's charge and the jury began deliberations to state the basis for his objection and mistrial motion); *State v. Heller*, 399 S.C. 157, 174, 731 S.E.2d 312, 321 (Ct. App. 2012) (holding the defendant failed to contemporaneously move for a mistrial following the trial court's curative instruction because the motion was not made until after the State concluded its examination of the witness).

2. We hold this issue is not preserved for appellate review because Darby failed to move for a mistrial after the trial court instructed the jury to disregard the pathologist's testimony about the "asphyxia type event." *See George*, 323 S.C. at 510, 476 S.E.2d at 912 ("No issue is preserved for appellate review if the objecting party accepts the [trial court's] ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial."); *State v. Brown*, 389 S.C. 84, 95, 697 S.E.2d 622, 628 (Ct. App. 2010) ("If a trial court issues a curative instruction, a party must make a contemporaneous objection to the sufficiency of the curative instruction to preserve an alleged error for review."); *State v. Williams*, 386 S.C. 503, 522, 690

S.E.2d 62, 72 (2010) (Pleicones, J., concurring) ("Here, appellant did not renew or reserve his mistrial motion after hearing the curative instruction . . . apparently finding it sufficiently cured any prejudice from the solicitor's improper questioning. Accordingly, there is no mistrial issue before the [c]ourt.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.